### 4178.  BISHOP *v.* THE STATE.

Where the only assignment of error in a bill of exceptions brought to the
    Court of Appeals is upon the refusal to allow a demand for trial in a
    criminal case, no question is presented which the reviewing court can
    determine, and the writ of error will be dismissed.
                    DECIDED JULY 2, 1912.

Indictment for burglary; from Whitfield superior court—Judge
Fite.   April 12, 1912.

*Maddox, McCamy & Shumate,* for plaintiff in error.
*T. C. Milner, solicitor-general, George W. Stevens,* contra.

POTTLE, J.   The accused was indicted for burglary.   On June
8, 1910, his demand for trial was allowed and entered of record.
On December 5, 1910, he was convicted, and on April 11, 1911,
the conviction was set aside by the Court of Appeals and a new trial
ordered, upon the ground that the evidence, resting solely upon
the testimony of an accomplice, was not legally sufficient to support
the verdict.   *Bishop* v. *State,* 9 *Ga. App.* 205 (70 S. E. 976).   At
the July term, 1911, at the October term, 1911, and at the January
term, 1912, the case was continued upon motion of the State, over
the objection of the accused, who was present in court at each of
the three terms, demanding a trial.   At the January term, 1912,
exceptions pendente lite were duly certified and filed, complaining
of the refusal of the trial court to "grant said demand [for trial]
and allow the same to be entered of record."   At the April term,
1912, the case was again called for trial, whereupon the accused
announced ready and moved that he either be tried, or discharged
and acquitted.   At all of the terms above specified juries were
regularly impaneled and qualified to try the accused.   It does not
appear what disposition was made of the case after the April term,
1912.   The trial judge certifies that "there is no doubt of the
guilt of movant, but as yet the State has not been able to get ad-
ditional evidence sufficient to sustain a verdict of guilty under the
ruling of the Court of Appeals; and besides, movant is a 'dope
fiend' and needs restraint."   The bill of exceptions contains an
assignment of error upon the exceptions pendente lite filed at the
January term, 1912, but does not contain any exception to the
refusal of the court to discharge the prisoner at the April term,
1912.   A motion to dismiss the writ of error has been filed by the
solicitor-general, upon the ground that there is no exception to any

final judgment, and that the case is still pending in the trial court. There being no exception to the refusal of the court to discharge the accused, but only an exception to the refusal to grant a demand for trial, there is no exception either to a final judgment or to a judgment which would have been final if rendered as claimed. The question sought to be made is therefore not regularly before the court. *Sharpe* v. *State,* 10 *Ga. App.* 212 (73 S. E. 33) ; *Maples* v. *State,* 10 *Ga. App.* 786 (74 S. E. 89). But as the accused can still raise the point, and from an adverse decision prosecute to this court another writ of error, we will indicate our views, in order to obviate the necessity of another appeal. Where a demand has been regularly made and allowed, and two regular ·terms of court are thereafter held, and the accused is not placed on trial, no motion to acquit is necessary, but the discharge of the accused results automatically, by operation of law, provided qualified juries were impaneled competent to try the case, and the failure to try is not due to the voluntary absence of the accused, or to some other conduct on the part of himself or his counsel. *Flagg* v. *State,* ante, 37 (74 S. E. 562). The demand of the accused was not satisfied by the trial, the conviction in which was set aside by the Court of Appeals and a new trial awarded, but the demand stood over to be complied with at the next term after the remittitur from this court was entered in the trial court. ` *Gordon* v. *State,* 106 *Ga.* 121 (32 S. E. 32).

The effort of the learned trial judge to vindicate the majesty of the law, and his reluctance to permit one clearly guilty of a crime to escape upon a mere technicality, are to be commended, but we think the law is equally clear that the prisoner was entitled to his discharge. The statute requiring the State to place the accused on trial at the second term after demand therefor has been allowed was passed in aid of the constitutional guaranty of a speedy trial. If the accused is guilty, the failure of the State to obtain evidence necessary to convict, under well-settled rules of law, furnishes no justification for disregarding the plain requirements of the statute. Cases may arise in the future where innocent men may suffer from the announcement of a precedent which in a particular case would seem to bring about substantial justice, and this furnishes the chief argument in favor of a rigid adherence to the rules and principles which have been prescribed for the government of all trials; nor

should we lose sight of the fact that under our system there can be no legal determination of guilt until after a fair trial and a conviction upon sufficient evidence by an impartial jury. Until this result is reached, the accused is presumed by the law to be innocent; and unless one charged with crime is to receive the benefit of this presumption, he need only be accused to be condemned. The accused is entitled to his discharge. Indeed, under the facts appearing in the record, he is already discharged, and no action of the court is necessary to bring about this result.

*Writ of error dismissed.*