## 49504. A & D BARREL & DRUM COMPANY, INC. et al. v. FUQUA.

EBERHARDT, Presiding Judge.

The novel procedural issue presented by this appeal arises from the following facts: The plaintiff filed a complaint for personal injuries against the defendants, on June 28, 1971. The defendants answered on July 16, 1971, denying all save the jurisdictional allegations of the complaint. After discovery by deposition and interrogatories was made by both sides, the plaintiff's attorney sent defendants' attorney a letter dated December 13, 1972 which is set out in an appendix to this opinion, and which he urges was sufficient to meet the statutory requirements of a Request for Admissions. "[P]aragraphs '4,' '5,' '6,' '7,' '8,' '9,' and '10' of Plaintiff's Complaint," *which were denied in defendants' answer,* are the essential elements of proof of defendants' alleged negligence and damage. On the same date of the letter, plaintiff's attorney filed it in the Clerk's Office of the Superior Court, Fulton County, and signed a certificate of service thereon. However, the copy of the letter

received by defendants' attorney, though exactly the same in all other respects, did not show it had been filed with the Clerk of the Superior Court, nor did it contain a certificate of service. Defendants' attorney did not answer this request.

When the case came to trial on January 30, 1974 the plaintiff moved for and was granted a directed verdict based on defendants' failure to answer plaintiff's request for admissions within 30 days as required by Code Ann. § 81A-136. Judgment was entered for plaintiff in the amount sued for ($25,000) against all defendants, jointly and severally.

On February 11, 1974, *in one pleading,* defendants moved for a *new trial,* to set aside judgment, in arrest of judgment and a complaint in equity, all on the ground that the letter from plaintiff's attorney was not a Request for Admission under Code Ann. § 81A-136 and his failure to answer was therefore not an admission. In the alternative defendants also moved that they be allowed to withdraw and to amend the admission under Code Ann. § 81A-136 (b). All of these were denied *in a single order* on April 1, 1974, save the motion to withdraw, which was separately denied on the same date. Defendants appeal from the granting of the January 30, 1974 order and judgment entered thereon, and from the order dismissing their complaint in equity on April 1, 1974, which order also overruled the motion for new trial. *Held:*

1.   Plaintiff has moved to dismiss the appeal on three grounds which will be treated seriatim.

(i)   Plaintiff asserts that defendants' notice of appeal shows the appeal is only from the January 30, 1974 judgment and the dismissal of the complaint in equity; and thus that they should not be entitled to appeal the denial of their other motions.

". . .[W]here a motion for a new trial has been overruled, and the movant for a new trial does not appeal from the denial of his motion, but does appeal from a previous appealable judgment in the case in which the motion was filed he may prevent the overruling of his motion for a new trial from becoming the law of the case by enumerating the denial of the same as error." *Staggers*

*v. State,* 224 Ga. 839 (165 SE2d 300). See also *Byers v. Lieberman,* 126 Ga. App. 582, 584 (191 SE2d 470).

(ii) Plaintiff next contends that defendants' appeal was not within 30 days of the entry of judgment (January 30, 1974) since appeal was not filed until April 2, 1974. Code Ann. § 6-803 (a) provides in part, "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . but when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." Defendants' motion for new trial was not denied until April 1, 1974, and the notice of appeal is clearly within the 30-day period.

"[W]e are of the opinion that when a motion for new trial is filed, as authorized under § 2 of the Act (Code Ann. § 6-702), the effect of the filing of the motion is to toll the time for filing an appeal from the judgment on the verdict until the motion for new trial is overruled (unless appellant should elect to abandon or dismiss the motion). Consequently, an appeal from the judgment filed within 30 days after the overruling of the motion for new trial is timely." *Allen v. Rome Kraft Co.,* 114 Ga. App. 717, 718 (152 SE2d 618). See also *Housing Authority of the City of Douglas v. Marbut Co.,* 229 Ga. 403 (191 SE2d 785).

The denial of each of plaintiff's motions was separately designated as an enumeration of error on appeal and under the Code section may therefore be reviewed by this court. Cf. *Buffington v. McClelland,* 130 Ga. App. 460, 466 (203 SE2d 575), and see Rule 14 (e) of this Court. 124 Ga. App. 873.

(iii) Plaintiff also contends that defendants' complaint in equity was not made a separate lawsuit. This ground is without merit. Code § 37-902 permits equitable suits ". . . in connection with a suit claiming only such remedy or relief as is administered in courts of common law . . ."

Plaintiff's motion to dismiss the appeal is therefore denied.

2. Defendants' enumerations of error and arguments are that the trial court committed error in three respects: (a) plaintiff's motion for directed verdict

was improper as to form; (b) plaintiff's motion for directed verdict should not have been granted because defendants made no admissions; (c) if defendants did make admissions, the trial court erred in refusing to permit defendants to withdraw those admissions.

(a) We do not reach defendants' first contention since we are reversing on the other grounds.

(b) Defendants object to plaintiff's December 13, 1972 letter being treated as a request for admission under Code Ann. § 81A-136. The letter, to some extent, meets some of the requirements of the Civil Practice Act (Ga. L. 1966, p. 609 et seq., effective Sept. 1, 1967). Code Ann. § 81A-136 provides that service may be made on the opposing party, without leave of the court, after the action has been filed. Code Ann. § 81A-105 (d) requires that the paper be filed with the clerk of the court. Both requirements were met here. Neither of these Code sections indicates that filing must precede service or that the served copy of the request contains on its face a notation of service or filing, though it is the better practice and should be done. Nor do we find fault in the fact that service of the request was upon the defendants' attorney rather than upon the defendants themselves. Such service is permissible under Code Ann. § 81A-105 (b). Likewise the request meets the requirements of Code Ann. § 81A-136 that "[e]ach matter of which an admission is requested shall be separately set forth." The numbered paragraphs of plaintiff's complaint, which was available to defendants, specifically set forth separate and distinct facts "or of the application of law to fact." Code Ann. § 81A-136 (a). Incorporation by reference under these circumstances is permissible under Code Ann. § 81A-136. Cf. *Bailey v. Bailey,* 227 Ga. 55 (178 SE2d 864).

Although the letter carries an "In Re:" caption relative to the case, its parties and the number assigned to it in Fulton Superior Court, it is nevertheless deficient in form. The form for a request for admissions as carried in Code Ann. § 81A-325, as well as that suggested in the Federal Rules, discloses that it should be captioned much the same as a pleading, although it is not itself a pleading, *Forsyth v. Peoples, Inc. of Rome,* 114 Ga. App. 726 (3) (152 SE2d 713), and that it should be *labeled* as a *Request for*

*Admissions.*

We think the provisions of Code Ann. § 81A-107 (b) (2) require it. That section provides: "The rules applicable to *captions, signing and other matters of form* of pleadings *apply to* all motions and *other papers provided for by this Title.*" (Emphasis supplied.) Since requests for admission are "other papers" provided for by Code Ann. § 81A-136, a form for which is carried in § 81A-325, it is inescapable that the form of a request for admission should take on the appearance of a pleading. The illustrations as to form found in Code Ann. § 81A-303 et seq., clearly show what should appear as a matter of form. In any event it is something more than a letter which usually passes in correspondence between counsel.

It is required that the request be relevant. It must deal with matters essentially factual, not opinionative or conclusions of law, must be simple and clear, capable of answer without explanation, and must be addressed to the party expected to answer, and the request must be such that it can be answered *by the person to whom it is addressed.* 4A Moore's Federal Practice, § 36.04[1]. It should not carry excess baggage, such as this letter does in referring to arrangements for taking depositions, enclosing of interrogatories, and salutations for the holiday season.

Reference to the letter in the appendix to this opinion discloses that it was addressed to Mr. Hunter S. Allen, an attorney for the defendants. It was not addressed to the defendants. It calls on Mr. Allen to make the admissions — not the defendants. On its face it is in the form of a personal letter — not of a request for admissions — and relates to several subject matters. Note the absence of any reference to a filing of the purported requests for admissions with the clerk, as well as the absence of any certificate of service, which if placed on the paper served would have alerted the addressee that it may have been intended as more than a mere letter.

The nature and form of this purported request, *on the letterhead of the writer,* having every appearance of *personal correspondence* and nothing to alert the addressee that it was a request for admissions by the defendants, cannot be approved as being sufficient for

that purpose. It does not meet the statutory requirements.

Since the attorney to whom the letter was addressed had already filed an answer denying the very paragraphs of the petition which the purported request for admissions sought now to have admitted, and the request was not addressed to the defendants as the statute provides, a more reasonable construction of the request is that Mr. Cohran sought to persuade Mr. Allen to change the answer and admit the paragraphs of the petition, which he did not succeed in doing.

To hold otherwise would elevate ordinary correspondence among attorneys to a level of impracticability, would stifle communication, and would require constant reference to the clerk's office whenever a letter is received from an opposing attorney.

(c) Even if the letter of December 13, 1972 were considered to be a request under Code Ann. § 81A-136, the court erred in failing to grant the defendants' motion to withdraw or amend admissions. § 81A-136 (b) states in part ". . . the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."

The clear intent of this section was to give the trial court discretion to permit parties to respond accurately and truthfully to requests with a view toward establishing uncontested facts that go to the merits of the case. 4A Moore's Federal Practice § 36.02 (2d Ed.). It is obvious that the attorney for the defendants did not understand the letter to be a request for admissions.

We recognize that it is generally the burden of the movant to show providential cause in allowing the late filing of answers to the requests, *Moore v. Hanson*, 224 Ga. 482 (162 SE2d 429), but we also recognized in *National Bank of Georgia v. Merritt*, 130 Ga. App. 85 (202 SE2d 193) that Code Ann. § 81A-136 (b) affords a means of withdrawing a clearly erroneous answer. We think that the admissions resulting under the circumstances here fall within the ambit of that section, and that it was

an abuse of discretion to deny the motion thereunder.

There could be no prejudice to the plaintiff in allowing the withdrawal of the admissions and allowing the matter to be tried on the merits. Depriving him of a judgment by default obtained under the circumstances here is not the kind of prejudice envisioned by the Act. Plaintiff has not shown a justified reliance upon the admissions to the extent that he is now unable to prove the allegations which, by means of the letter, he sought to have admitted. See 4A Moore's Federal Practice, Par. 36.01[7] at p. 36-13 (2d Ed.).

*Judgment reversed. Deen and Stolz, JJ., concur.*

ARGUED JUNE 26, 1974 — DECIDED SEPTEMBER 6, 1974 — REHEARING DENIED OCTOBER 8, 1974 —

*Swift, Currie, McGhee & Hiers, Clayton H. Farnham,* for appellants.

*Larry Cohran, Jesse M. Cleveland, Jr.,* for appellee.

APPENDIX TO OPINION.

LAW OFFICES
LARRY COHRAN
ATLANTA, GEORGIA 30303

SECOND FLOOR LEGAL BUILDING
121 HUNTER STREET, S. W.

TELEPHONE
(404) 524-4243

December 13, 1972

*D-1*
*B-66203*
*1-30-74*
*m.*

Hon. Hunter S. Allen, Jr.
Swift, Currie, McGhee & Hiers
Attorneys-at-Law
2000 Gas Light Tower
Atlanta, Georgia 30303

RE: Monty Fuqua, Plaintiff, v.
A & D Barrel and Drum Co.,
Inc., Atlanta Cooperage Co.,
Inc., Albert Bernate and
Sarah Bernate, d/b/a A & D
Barrel and Drum Co., Inc.,
and Herbert Price, Defendants.
Fulton Superior Court, Civil
Action, Case No. B-66203

Dear Mr. Allen:

As you are listed as Attorney of Record for the Defendants in the above-styled case, there are several matters which I would like to point out to you since this case appears to be nearly ready for trial.

No. 1:  I would like to take the depositions of Albert Bernate, Sarah Bernate, and Herbert Price.  I would like to take these depositions of all three in my office on February 1st, 1973 at 2:00 P.M. o'clock.  If this is satisfactory with you, I shall appreciate your advising me immediately; if not, I would appreciate your advising me as to alternate dates when their depositions might be taken so that we can engage one court reporter and complete the depositions at one time.

No. 2:  I have seriously considered requesting you to admit certain facts which exist in this case.  There is no doubt in my mind (and I am sure there is little doubt in your mind) that I can prove these facts.  Yet, I hesitate to ask you to admit the truth of these allegations because I fear that you will feel that you are helping me prepare my case; nevertheless, I do request that you admit the truth of the allegations contained in Paragraphs "4", "5", "6", "7", "8", "9" and "10" of Plaintiff's Complaint.

Also, I have enclosed copies of Interrogatories to Defendants which I have this day filed in the Superior Court for the County of Fulton.

May I extend a sincere wish that you and those whom you hold dear enjoy a Merry Christmas and a Happy and Prosperous New Year.

With kindest regards,