## 51061. TURNER v. THE STATE.

DEEN, Presiding Judge.

The appellant was indicted for murder along with one Charles Bolton at the January, 1975, term of the Superior Court of Newton County. He was arrested February 21 and confined in jail. On April 30 a motion for bond was filed which recited that "defendant's attorney requested trial at the April, 1975, term of Newton

Superior Court, defendant having been previously indicted, but no trial was forthcoming." This appeal is from the order denying bond.

Code § 27-1901 specifies that a demand for trial may be made where "a true bill of indictment is found for an offense not affecting his life" and that such demand shall be placed upon the minutes of the court. The defendant's motion for bail is under the succeeding section, Code § 27-1901.2, which provides that when "a demand for trial is made as hereinbefore provided," the defendant is to be admitted to bail if not tried at the term at which the indictment is found, or discharged if not tried at that or the next succeeding term.

There are two reasons why the judgment refusing bail is not error. In the first place neither of these sections applies to a murder indictment, which is a capital offense and may therefore affect the life of the defendant. In the second place, although the motion alleges that a trial was "requested," it does not appear that there was any formal demand or order of the court or that it was spread upon the minutes. From the statements of counsel in the transcript of the bond hearing we can assume that the procedure was not in fact followed. "Merely presenting such a demand to the clerk of the court or filing it with the clerk without first presenting it to the trial judge, so that the trial judge may be thus apprised of the existence of the demand, and without having the trial judge enter an order allowing the demand and ordering that it be spread upon the minutes, is not sufficient. The demand for trial must be made to the judge and not to the clerk." *Wright v. State,* 97 Ga. App. 653 (1) (104 SE2d 158).

Thirdly, the delay in the trial of this case appears to be due to the fact that the state desired to try the co-defendants jointly, and was at the time in the process of extraditing Bolton from the State of New York, where he had been located. Under Code § 27-2101 a defendant may (with certain exceptions) elect to be tried separately. It would appear that if this defendant wanted his trial pending the extradition proceedings a motion to sever would have been in order, following which, on proper demand for trial made, a different situation might be presented. Under Code § 27-2101 the right to sever is

absolute unless the state waives the death penalty, but if the state does waive, then the offense is not one affecting the defendant's life under Code § 27-1901, and Code § 27-1901.2 would apply on proper and timely demand made.

It was not error to deny the motion to set bond.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1975 — DECIDED OCTOBER 6, 1975.

*Ballard, Thigpen & Griffith, W. D. Ballard, George Griffith,* for appellant.

*John T. Strauss, District Attorney,* for appellee.