## 52941. GAY et al. v. THE STATE.

STOLZ, Judge.

The defendants appeal from their conviction of possessing nontax-paid liquor.

On March 5, 1975, each defendant filed a writing which set out the style and number of the case as well as the term of court (February Term 1975). Each writing was signed by the respective defendant and counsel. The writing stated: "To The Honorable Grady C. Pittard, Jr., Judge, State Court of Clarke County, Georgia: Now comes the above named defendant and before arraignment, demands trial by jury, formal arraignment, a copy of the accusation against him, a list of witnesses on whose testimony the charge is founded and who the Solicitor of the State Court of Clarke County, Georgia expects to use in the trial of said case, and waives nothing. This 5th day of March, 1975." A certificate of personal service on the solicitor appears at the bottom of each writing. On the face of each writing appeared written evidence that the same had been filed in the clerk's office on March 5, 1975. On September 23, 1975, defendants moved the court to acquit them pursuant to Code Ann. § 27-1901.[1] In support of the motion to acquit, defendants showed that a jury had been

---

[1] "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter a trial; or, by

impaneled during the week of April 28, 1975 (February Term)[2] and again on May 12, 1975 (May Term) and May 19, 1975 (May Term). The record shows that the defendants were in court ready for trial each aforesaid time the court was in session. The trial court erred in denying defendants' motion to acquit, and is hereby directed to grant said motion.

The remaining enumerations of error are moot.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED OCTOBER 7, 1976 — DECIDED NOVEMBER 19, 1976.

*Guy B. Scott, Jr.,* for appellants.
*Ken Stula, Solicitor,* for appellee.

---

special permission of the court, he may at any subsequent term thereafter demand a trial. In either case the demand for trial shall be placed upon the minutes of the court. If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, provided at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment."

[2] Terms for the State Court of Clarke County begin 2nd Monday in February, May, August and November. Ga. L. 1955, p. 2959.