appellee.

## 58705. BUSH v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for driving under the influence. He contends that the trial court erred in overruling his motion for acquittal under the provisions of Code § 27-1901. *Held:*

In the order overruling defendant's motion the trial judge made findings of fact: that a jury was not impaneled for trial of cases at the term the demand for trial was made; "that three terms of Court have passed since the plea and demand for jury trial was entered by Defendant's Attorney, juries were impaneled to try cases at all terms and the Defendant was present and ready for trial at all terms." The trial judge found as a conclusion of law: "A demand for trial is not cause for discharge unless the term when demand is made and at the next term there were juries impaneled and qualified to try the Defendant. Two juries must be impaneled, *one when demand is made,* the other at the next succeeding term. See [*Roebuck v. State*], 57 Ga. 154, and [*Adams v. State*], 65 Ga. 516."

It was error to fail to discharge and acquit the defendant. Code § 27-1901 (known as the Demand Statute, see *Reid v. State,* 116 Ga. App. 640, 644 (2) (158 SE2d 461)) provides: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial; or, by special permission of the court, he may at any subsequent term thereafter demand a trial. In either case the demand for trial shall be placed upon the minutes of the court. If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, provided at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment." What the statute, and the cases interpreting it, stand for is the proposition that where demand is made

and two terms of court expire, at both of which juries are impaneled and qualified to try the defendant, then discharge and acquittal must follow. See *Dennis v. Grimes,* 216 Ga. 671 (1, 2) (118 SE2d 923). See also *Gordon v. State,* 106 Ga. 121 (2) (32 SE 32). Here three consecutive terms passed at which juries were impaneled. Thus, the fact that at the initial term at which demand was made there was no jury impaneled would be of no consequence.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

Submitted October 18, 1979 — Decided November 29, 1979.

*H. G. Bozeman,* for appellant.
*E. L. Stephens, Jr., Solicitor,* for appellee.