### 59694. WALLIS v. THE STATE.

BIRDSONG, Judge.

On September 28, 1979, appellant was convicted by a jury of two counts of theft by shoplifting. She appeals, enumerating several errors. *Held:*

Following indictment by accusation on December 8, 1978, Wallis on December 13, 1978, filed with the Clerk of Gwinnett State Court a formal demand for jury trial. This document form, called a "pink slip" (demand for jury trial), was not presented to the judge and was not spread upon the minutes of the court.

More than two terms of court, with jurors impaneled and qualified to serve, passed before the appellant was tried. At trial, however, the trial court denied appellant's motion for discharge made pursuant to Code Ann. § 27-1901, on grounds that the "pink slip" demand for jury trial was filed in accordance with Acts 293, Ga.

L. 1964 [sic] and was not filed under Code § 27-1901, Demand for Speedy Trial. It is thus argued by the state that the demand for trial by jury was not a demand for trial, so as to entitle appellant to an absolute discharge for not having been tried for two successive terms. Extensive argument was made on the point, as if the issue had not been clearly decided, but we find that it has been and thus rule that the appellant was clearly entitled to a discharge under Code § 27-1901.

Examining the arguments made by the state and all the cases cited in support thereof, we find that *Jeffries v. State,* 140 Ga. App. 477 (231 SE2d 369) concludes the issue. The facts are identical with this case: demand for trial by jury was made, but not filed directly with the judge, nor was an order sought placing the demand on the minutes. In that case, the sufficiency of a jury trial demand to invoke Code § 27-1901 apparently was not questioned by the state, but this court nevertheless clearly held that when a jury demand is made, "there is but one single condition precedent to trial or discharge, and that is, *that a Jury at the term when [the demand] is made . . . be impaneled and qualified to try the prisoner,"* (emphasis supplied) *Jeffries,* supra, p. 480. If the jury demand be made, it is the right of the accused to have it spread upon the minutes and the duty of the clerk to do it (*Jeffries,* supra, p. 480). It was so held in *Dickerson v. State,* 108 Ga. App. 548 (134 SE2d 51), which is a whole court decision. The case cited by the state (*Turner v. State,* 136 Ga. App. 42 (220 SE2d 57)) is not in conflict with *Dickerson.* It was clearly held in *Williams v. State,* 140 Ga. App. 505 (231 SE2d 366) and *Gay v. State,* 140 Ga. App. 516 (231 SE2d 509) that a demand for jury trial is a demand for trial sufficient to invoke Code § 27-1901. In *Williams,* supra, as in this case, the argument was made that the demand for jury trial was merely a procedural compliance with a statute providing that trial would be by the bench unless a jury was demanded. The *Williams* court disagreed with the state's argument, and so do we. A demand for trial or demand for trial by jury is still a demand for trial. It is an assertion of the right to trial. If there can be any doubt that a defendant desired a speedy trial merely because he filed a demand for jury trial rather than a demand for trial, we resolve it in favor of the accused and in favor of the retention of his right to speedy trial rather than the denigration of it. Code § 27-1901 does not permit any lesser construction (see especially, *Jeffries,* supra, p. 480). Appellant was entitled to an acquittal and discharge, and we therefore find it unnecessary to examine the remaining enumerations of error.

*Judgment reversed, Deen, C. J., and Sognier, J., concur.*

Submitted April 7, 1980 — Decided May 30, 1980 —

*Glyndon C. Pruitt,* for appellant.
*Herbert T. Jenkins, Solicitor,* for appellee.