## 60583. THE STATE v. SMITH.

McMURRAY, Presiding Judge.

During the November 1979 court term, the grand jurors selected and sworn for the County of Richmond returned a true bill of indictment accusing the defendant of theft by deception. Before the end of that term defendant's attorney filed in his behalf a document, the caption of which contained the designation *"DEMANDS AND LIST OF WITNESSES."* The body of this document states that: "COMES NOW DAVID PHILLIP SMITH, defendant in the indictment, pursuant to the provision of Chapter 27, of the Code of Georgia as amended, and *makes demands* previous to his arraignment *for* a copy of the indictment, *trial* and a list of the witnesses on whose testimony the charge or charges against him are founded, as by the statutes in such cases made and provided."

(Emphasis supplied.)

Defendant's case was not called to trial in the November 1979 term nor in the January 1980 term of court. Both the district attorney's office and the deputy clerk of the trial court (minute clerk responsible for entering demands for trial upon the minutes of the court) misinterpreted the document. Although it is uncontested that the body of the document contains a valid demand for trial, both the district attorney and the deputy clerk mistook the document for a demand only for list of witnesses and acted accordingly.

When the case had not been called for trial during the November 1979 term and the January 1980 term the defendant filed his *"PLEA IN BAR"* on March 17, 1980 (March 1980 term), praying that he be acquitted and forever discharged from said indictment. After a hearing, at which evidence was presented and there was argument of counsel, the trial court entered its findings of fact and conclusions of law supporting its judgment and decree sustaining defendant's plea in bar. The state appeals. *Held:*

1. Defendant's motion to dismiss the appeal, based on such cases as *State v. Clendinin,* 136 Ga. App. 303 (221 SE2d 71), is denied for the reasons stated in *State v. Benton,* 246 Ga. 132 (269 SE2d 470).

2. Contemporaneously with the filing of the document designated *"DEMANDS AND LIST OF WITNESSES,"* the defendant filed a notice to produce and motion for inspection of certain electronic recordings allegedly in the possession of the state. This motion requested that the tape recordings be produced "well in advance of trial" so that defendant would have a reasonable and adequate opportunity to examine and analyze them. This motion was never set for hearing nor withdrawn. The state now argues that the filing of this motion constituted an affirmative act on the part of the defendant preventing trial until such time as the motion was considered by the trial court. The state's interpretation of the circumstances would render defendant's demand for trial a nullity as the two documents were filed contemporaneously. Such is not a reasonable interpretation of defendant's actions. The defendant made no motion for a continuance in order to allow consideration of his motion in regard to the tape recordings, nor does the language requesting the tape recordings well in advance of trial preclude a brief but satisfactory examination of the recordings prior to trial. Under these circumstances we find no act on the part of the defendant showing that he affirmatively consented to delaying the trial of his case. *Walker v. State,* 89 Ga. 482 (15 SE 553).

3. The state also contends that the language of the designation *"DEMANDS AND LIST OF WITNESSES"* is deliberately misleading as to the nature of the document and resulted in the

failure of the clerk to place the documents upon the minutes of the trial court. This is an issue of fact addressing itself to the trier of fact, in this case the trial court. If such an issue were raised before the trial court it has been resolved against the state and in favor of the defendant. "The failure of the clerk to keep proper minutes cannot be allowed to destroy the fact that a proper demand had been made." *Jeffries v. State,* 140 Ga. App. 477, 480 (231 SE2d 369).

We note that Code § 27-1901 does not provide any specific direction as to the form and content of the accused's demand for trial. Indeed, this court has held sufficient a demand for trial made by language similar to the language contained in the document in question in the case sub judice, but entered on the face of the accusation. *Williams v. State,* 140 Ga. App. 505 (231 SE2d 366).

Repeated attention has been drawn to the obligation of parties to the litigation to examine and determine the substance of the pleadings served upon them rather than relying on the sometimes inappropriate nomenclature by which they are designated. "It is an elementary rule of pleading that substance, not mere nomenclature, controls. *Girtman v. Girtman,* 191 Ga. 173, 180 (4) (11 SE2d 782)." *McDonald v. State,* 222 Ga. 596, 597 (1) (151 SE2d 121).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 4, 1980 — DECIDED OCTOBER 16, 1980.

*Richard E. Allen, District Attorney,* for appellant.
*Herbert Kernaghan,* for appellee.