## 60577. PLESS v. THE STATE.

Pope, Judge.

Appellant Pless was arrested and charged with driving under the influence of alcohol on April 3, 1979. On June 18, 1979, prior to the first arraignment held after the accusation had been preferred against appellant, his attorney sent a letter to the Solicitor of Sumter County pursuant to local court rules in which he stated on his client's behalf that appellant waived arraignment, entered a plea of not guilty and demanded jury trial. A carbon copy of this letter was also submitted to the clerk of the court for filing with the case. Appellant's case was not called for trial until April 8, 1980, during the March, 1980 term of court, although there had been juries impaneled and qualified to try such a case at the June 1979, September 1979, and January 1980 terms. Appellant entered a plea of autrefois acquit, contending that the letter to the solicitor and copy filed with the clerk constituted a demand for trial consonant with Code § 27-1901, under which he had been absolutely discharged and acquitted of the offense charged in the accusation. The plea was rejected by the trial court and appellant was tried and convicted. On appeal he enumerates several errors; we reverse on the basis of the plea of autrefois acquit.

The trial court found, and the state now argues, that the letter demanding jury trial as required by state court rules was limited in effect to compliance with the local rules and did not present a demand for trial under Code § 27-1901. This reasoning has been considered and repudiated by this court in several recent decisions, notably *Jeffries v. State,* 140 Ga. App. 477 (231 SE2d 369) (1976), *Williams v. State,* 140 Ga. App. 505 (231 SE2d 366) (1976), and *Wallis v. State,* 154 Ga. App. 764 (270 SE2d 45) (1980). "If the jury demand be made, it is the right of the accused to have it spread upon the minutes and the duty of the clerk to do it." *Wallis v. State,* supra at 765.

In *Williams,* supra, as in this case, the state argued that the demand for jury trial was merely a procedural compliance with a statute providing that trial would be by the bench unless a jury was

demanded and would not constitute a demand for trial under Code § 27-1901. The *Williams* court disagreed with the state's argument. If there can be any doubt that the defendant in the present case desired to invoke the provisions of Code § 27-1901 because he demanded a jury trial by letter to the prosecuting attorney with a copy to the clerk of the court in compliance with local court rules, instead of using some other procedure to make his demand for trial, we resolve it in favor of the accused and the retention of his statutory right.

Certainly a better practice would be for the defendant to distinguish between his demand for a trial invoking the provision of Code § 27-1901 and a demand for a trial by jury. Also, if the legislature by statute required that the demand be made in a certain form and delivered to a specified officer of the court, this would eliminate many of the conflicts arising because of the various ways now being used to present demands for trial. However, the present law imposes no such requirement.

For the reasons stated we conclude that appellant was entitled to an acquittal and discharge, and we therefore find it unnecessary to examine the remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 26, 1981.

*Thomas R. McFarland,* for appellant.
*Henry O. Jones, Solicitor,* for appellee.