## 63263. THE STATE v. ADAMCZYK.

BANKE, Judge.

The defendant was indicted for theft by taking at the July 1979 term of the Superior Court of Laurens County and was arraigned on July 27, 1979. Prior to entering a plea of not guilty, he filed a document entitled "Demand for Copy of Accusation (Indictment), Etc.," which included within its body a demand for trial by jury. The complete text of this document is as follows: "Comes now the

above-named defendant in the captioned case and demands, previously to his arraignment, that he be furnished with a copy of the accusation, and a list of the witnesses on whose testimony the charge against him is founded. This demand is made pursuant to the provisions of § 27-1403, Ga. Code Ann. (Ga. Laws, 1966, pp. 430, 431), and further this demand is made pursuant to the provisions of Article I, § I, ¶XI, of the Constitution of Georgia of 1976, Ga. Code Ann. § 2-111. Trial by jury and all other procedural rights provided by the said provisions of the Constitution and statute provisions in furtherance of and implementing the said Constitutional provisions are also specially demanded. 'Copy of the accusation,' as the phrase is used in this demand, is intended to include accusation, indictment and/or special presentment and is intended to include all that is contemplated by the said phrase as the said phrase is used in the cited provision of law and the cited provision of the Constitution of Georgia of 1976; and 'list of the witnesses on whose testimony the charge against him is founded,' as the phrase is used in this demand, is intended to include all such witnesses and all such information as is included within the meaning of such phrase as such phrase appears in the cited provision of law and the cited provision of the Constitution of Georgia of 1976."

The case was not called for trial until April of 1981, at which time the defendant moved for a judgment of acquittal pursuant to Code § 27-1901, on the ground that the case had not been tried within the next succeeding term of court after a demand for trial had been filed. The trial court granted the motion, and the state appeals. *Held:*

The court has for some time been unduly liberal in its construction of what constitutes a valid demand for trial sufficient to invoke the sanctions of Code § 27-1901. On several occasions, we have held that a demand for "trial by jury" is sufficient in and of itself to do so. See *Jeffries v. State,* 140 Ga. App. 477 (231 SE2d 369) (1976); *Williams v. State,* 140 Ga. App. 505 (231 SE2d 366) (1976); *Gay v. State,* 140 Ga. App. 516 (231 SE2d 509) (1976); *Wallis v. State,* 154 Ga. App. 764 (270 SE2d 45) (1980); *State v. Smith,* 156 Ga. App. 133 (274 SE2d 130) (1980); *Pless v. State,* 157 Ga. App. 681 (278 SE2d 475) (1981); *Huckeba v. State,* 157 Ga. App. 795 (278 SE2d 703) (1981). This liberality has given rise to the use of requests, demands, and motions which, though later made the basis for motions for acquittal pursuant to Code § 27-1901, cannot reasonably be construed as demands for speedy trial. In order to discourage this type of draftsmanship, we hold that henceforth a demand for trial will not be considered sufficient to invoke the extreme sanction of Code § 27-1901 unless it is presented for what it is — a demand to be

tried within the next succeeding term of court. Insofar as the cases cited above hold to the contrary, they are hereby overruled. This ruling does not affect our previous rulings regarding placing the demand on the minutes of the court or delivery of the demand to certain officials; nor is any particular form required so long as the demand can reasonably be construed as a demand for trial under the provisions of Code § 27-1901. Because the document filed by the defendant in this case cannot reasonably be construed as such a demand, the order of the trial court granting his motion for acquittal is reversed.

*Judgment reversed. Quillian, C. J., Deen, P. J., McMurray, P. J., Shulman, P. J., Birdsong, Carley, Sognier and Pope, JJ., concur.*

DECIDED APRIL 7, 1982 —
REHEARING DENIED MAY 7, 1982 —

*Beverly B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellant.
*W. W. Larsen,* for appellee.

ADDENDUM.

On motion for rehearing, the defendant points out that along with his motion for acquittal pursuant to Code § 27-1403, he also filed a motion for dismissal of the indictment based on the denial of his constitutional right to a speedy trial, and he complains that this court has ignored his arguments relative to that motion. However, since the trial court has yet to rule on the dismissal motion, such a ruling by this court would be premature. We assume that the trial court will have occasion to decide the constitutional issue when the case is returned to it, and if its ruling is unfavorable to the defendant, he will certainly be entitled to enumerate it as error in any subsequent appeal to this court.