## 64797. THE STATE v. KING et al.

Pope, Judge.

On May 27, 1982 appellees each executed a document entitled "Arraignment Plea and Waiver" upon which a box was checked beside the following request: "I request a jury trial." On April 22, 1982 the trial court granted appellees' motion of same date discharging and acquitting them of the crime charged by operation of law because they had not been tried during the May 1982 term of court or within the next succeeding term of court. Code Ann. § 27-1901 (now OCGA § 17-7-170). In the recent case of *State v. Adamczyk,* 162 Ga. App. 288 (290 SE2d 149) (decided on April 7, 1982) this court concluded that requests similar to those made here by appellees could not reasonably be construed as demands for speedy trial pursuant to Code Ann. § 27-1901. See also *Forbus v. State,* 250 Ga. 24 (295 SE2d 530) (1982). In the process, this court overruled several cases which held such requests to be sufficient under the statute. See, e.g., *Wallis v. State,* 154 Ga. App. 764 (270 SE2d 45) (1980). The state contends that the decision in *Adamczyk* is controlling here. We agree.

"Where a demand has been regularly made and allowed, and two regular terms of court are thereafter held, and the accused is not placed on trial, no motion to acquit is necessary, but the discharge of the accused results automatically, by operation of law, provided qualified juries were impaneled competent to try the case, and the failure to try is not due to the voluntary absence of the accused, or to some other conduct on the part of himself or his counsel." *Bishop v. State,* 11 Ga. App. 296, 297 (75 SE 165) (1912). The sole issue for resolution in this case is whether appellees' demands for trial were sufficient to trigger the provision of Code Ann. § 27-1901 at the time they were made. If the decision in *Adamczyk* is applied retrospectively, the appellees' demands for trial were clearly insufficient.

"The overruling of a former judicial decision is retrospective in its operation and the effect is not that the former decision was bad law, but that it was never the law. *Mutual Life Ins. Co. of N. Y. v. Barron,* 70 Ga. App. 454, 463 (28 SE2d 334) [1943]. There is an exception to this general rule of retrospective application. Where constitutional or statutory law has been construed by the appellate courts and contracts have been made and vested rights acquired in accordance with the construction of the law, retrospective application will not be made." *Dehco, Inc. v. State Hwy. Dept.,* 147 Ga. App. 476, 477 (249 SE2d 282) (1978). However, questions of retrospective application cannot be decided simply on the notion of "vested rights" but whether unjust results would accrue to those who

justifiably relied upon prior law. *Walker v. Walker,* 247 Ga. 502 (277 SE2d 45) (1981). In the case at bar appellees did not seek to rely upon the decisions of this court such as *Wallis* until nearly nine terms of the court below had passed and *after* such decisions had been overruled. Thus, appellees have shown no *justifiable* reliance upon the prior law. Moreover, appellees made neither an allegation nor a showing of a violation of their Sixth Amendment right to a speedy trial. See *Sanders v. State,* 132 Ga. App. 580 (2) (208 SE2d 597) (1974). Under these circumstances, a trial on the merits of the accusations against appellees is not an unjust result. Therefore, the trial court's order of appellees' discharge and acquittal is reversed.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 3, 1982 —
REHEARING DENIED DECEMBER 16, 1982 —

Hinson McAuliffe, Solicitor, Paul C. McCommon III, Assistant Solicitor, for appellant.

Jane Sabel, J. M. Raffauf, for appellees.