65709. SMITH et al. v. THE STATE.

BIRDSONG, Judge.

Willie Frank Smith and Nora Jeanette Reed were jointly tried and convicted of aggravated assault upon Smith's ex-wife wherein Ms. Reed shot the victim twice with a pistol and Smith shot her once with another gun. Smith was sentenced to eight years and Reed was sentenced to four years. Each brings an appeal enumerating the same three errors. *Held:*

1. In their first enumeration, appellants alleged the trial court erred in refusing to grant a motion for discharge and acquittal. Appellants were indicted in November 1981 during the November term of Fulton Superior Court. In December, they filed a demand for copy of indictments, list of witnesses and included a demand for trial by jury. Appellants were tried in July 1982. A motion to discharge under OCGA § 17-7-170 (Code Ann. § 27-1901) was made because trial had not occurred within two terms of indictment during which juries had been present and sitting. The trial court denied the motion resulting in the trial, conviction and sentence of each appellant.

We find no error. This court in the case of *State v. Adamczyk,* 162 Ga. App. 288, 289 (290 SE2d 149) expressly rejected as adequate a demand for "trial by jury" without more and expressly overruled all cases allowing such loose language to stand for a proper demand for trial so as to invoke the penalty provisions of OCGA § 17-7-170 (Code Ann. § 27-1901). This court held at pp. 289-290: "In order to discourage this type of draftsmanship . . . a demand for trial will not be . . . sufficient to invoke the extreme sanction of Code Ann. § 27-1901 [OCGA § 17-7-170] unless it is presented for what it is — a demand to be tried within the next succeeding term of court." The motion

presented in this case falls squarely within the parameters of the *Adamczyk* case, supra, and is governed thereby. There is no merit in this enumeration.

2. In the second and third enumerations of error, the appellants urge prejudicial error in the admission of a prior conviction for an earlier shotgun assault by Smith upon his ex-wife as well as failure to limit the evidence by instruction. Appellant Smith had in his defense testified to a turbulent marriage of five years duration during which his ex-wife and her relatives frequently threatened him harm. Smith contended he had used violence on occasion but only to protect himself or his home. The state offered, in rebuttal, that Smith had previously been convicted of firing a shotgun at a car occupied by his ex-wife and others while it was driving away. This evidence was properly admitted over objection. Evidence of prior difficulties between the victim and the defendant generally is admissible as shedding light on the state of feelings between the assailant and victim and as showing motive. *Boling v. State,* 244 Ga. 825, 827-828 (5) (262 SE2d 123). Not only was the evidence admissible, there was no sua sponte obligation imposed on the trial court to give any limiting instruction concerning the use of that testimony. If appellants wished to have the jury charged so as to limit the evidence to the purpose for which it was admitted, they should have requested such an instruction. In the absence of a request, there was no error in the failure of the trial court, sua sponte, to give such a limiting charge. *Watkins v. State,* 151 Ga. App. 510, 514 (260 SE2d 547); *Shields v. State,* 147 Ga. App. 131 (248 SE2d 205).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 20, 1983.

*Ray C. Norvell, Sr., Ray C. Norvell, Jr.,* for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, J. Wallace Speed, Assistant District Attorneys,* for appellee.