## 39984. GETZ v. THE STATE.

BELL, Justice.

Getz appeals from his conviction of operating a motor vehicle 70 miles per hour in a 55 miles per hour zone in violation of Code Ann. § 68A-802 (now OCGA § 40-6-181).

Appellant was arrested February 5, 1981. On May 7, 1981 he filed a "notice of special continuing appearance" with the court which had the following language: "I DEMAND ALL OF MY RIGHTS, AND I DO NOT WAIVE ANY OF THEM! I therefore demand my right to enjoy a trial by jury of 12 empanelled to decide the law, facts and admissibility of evidence as constituted by Common Law, and the right to counsel of my choice."

Appellant was tried November 29-30, 1982. On November 29, prior to the commencement of trial, he moved for a judgment of acquittal pursuant to Code Ann. § 27-1901 (now OCGA § 17-7-170), on the ground that the case had not been brought to trial within the next succeeding term of court after a demand for trial had been filed. The trial court, relying upon *State v. Adamczyk,* 162 Ga. App. 288 (290 SE2d 149) (1982), denied the motion.

In his first enumeration Getz contends the trial court erred by denying his motion for a judgment of acquittal pursuant to § 27-1901. He also contends that the court's ruling violated his Sixth Amendment right to a speedy trial. U. S. Const., Amend. 6. The latter issue is raised for the first time on appeal.

1. The document filed by appellant cannot reasonably be construed as a demand for trial under the provisions of § 27-1901, and we find no abridgment of his statutory right. *Forbus and Nicholson v. State,* 250 Ga. 24 (295 SE2d 530) (1982); *Adamczyk,* supra.

2. In *Nelson v. State,* 247 Ga. 172 (3) (274 SE2d 317) (1981), we set out the factors for determining whether there has been a denial of the Sixth Amendment right to a speedy trial. In that case we said courts should consider the length of delay, the reason for delay, whether the defendant asserted his right, and whether he was prejudiced.

The length of delay between appellant's arrest and trial was

almost 22 months, but Getz has not shown that the prosecution deliberately delayed the trial for tactical advantage, that he asserted his statutory right prior to trial, that he asserted his constitutional right prior to appeal, or that his defense was impaired by the delay. Considering all these factors, we hold that appellant was not denied his Sixth Amendment right to a speedy trial. *Nelson,* supra.

3. Appellant's remaining enumerations challenge the constitutionality of § 68A-802 and the denial of his motion for discovery. These enumerations are without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1983.

Glenn Getz, *pro se.*

*Joseph H. Briley, District Attorney, Norman R. Miller, Assistant District Attorney,* for appellee.