## 68842. FERRIS v. THE STATE.
(324 SE2d 762)

McMURRAY, Chief Judge.

Defendant C. C. Ferris was indicted (Indictment No. 81R-050) on October 2, 1981, and charged in Count 1 with the offense of a terroristic act (shooting at a conveyance), in Count 2 with the offense of a terroristic threat and in Count 3 with the offense of obstruction of a law enforcement officer. He was arraigned on October 2, 1981, and pleaded "not guilty." At this time he had pending previous charges for driving under the influence and obstructing an officer (Accusation No. S81-R-103) and cruelty to animals (Accusation No. S81-R-310). On December 18, 1981, Ferris, acting pro se, filed with the Clerk of the Pickens County Superior Court the following document. "To Whom it May Concern[,] This Letter, Requesting Speedie Trial of any or all Charges Pickens County & or Jaspe [sic] City would have against me[.] Sincerely C. C. Ferris II Claude." The letter is set out as an appendix to this opinion.

In April 1982 defendant was charged with speeding (Uniform Traffic Citation, Summons, Accusation No. S-82R-162), was arraigned, and pleaded "not guilty." The following October he filed with the Clerk of the Superior Court a letter reading as follows: "To: Pickens Co Court & or Whom It May Concern Let be known that on this day 10-14-82 I C. Clinton Ferris II demand my right to speedie trial in case number S82 R 162 [the April speeding charge] C. Clinton Ferris II." On February 8, 1983, defendant filed a letter addressed to the district attorney and requesting return of personal items confiscated at the time of the January 1981 arrest, together with a letter requesting dismissal of "ANY CHARGES MADE AGAINST ME BEFORE 12/18/81." Trial on the speeding charge (S-82R-162) was set for March 2, 1983, but defendant did not appear. The court ordered the sheriff to find him, and when he was brought in shortly thereafter, defendant demanded a trial on all pending charges. The court found "it was obvious . . . that he was intoxicated" and upon observation of defendant's demeanor during the hearing, the court determined defendant was not in condition to go to trial. The court then ordered him held in wilful contempt for thus preventing his speeding case from coming to trial.

On October 20, 1983, defendant filed a "Motion for Acquittal upon Failure to Have Speedy Trial." The court denied the motion, and on January 24, 1984, the defendant was tried on the August 1981 charges (Indictment No. 81R-050). Upon the conclusion of the trial, the jury found defendant not guilty as to Count 1 (terroristic act), not guilty as to Count 2 (terroristic threat), but guilty as to Count 3 (obstruction of a law enforcement officer). Defendant was sentenced for a period of twelve months, to be served on probation. He appeals,

enumerating as error the trial court's denial of his motion for acquittal on statutory grounds and the failure to dismiss the charges on constitutional grounds. *Held*:

1. The statute relied upon by defendant is OCGA § 17-7-170, which reads in pertinent part: "(a) Any person against whom a true bill of indictment or an accusation is found for an offense not affecting his life may enter a demand for trial at the court term at which the indictment or accusation is found or at the next succeeding regular court term thereafter . . . [T]he demand for trial shall be placed upon the minutes of the court. (b) If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." The purpose of this statute is to aid and implement both the common-law right to a speedy trial existing in Georgia since prior to 1861 and the provision of the State's constitution which declares that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. *Underhill v. State*, 129 Ga. App. 65 (198 SE2d 703); *Reid v. State*, 116 Ga. App. 640 (158 SE2d 461).

In the case sub judice, the first issue to be addressed is whether, within the contemplation of the statute and relevant case law, Ferris' December 1981 letter was a sufficient demand to trigger the provisions of subsection (b). We hold that it was not.

In *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149), the document on which the defendant based his claim for discharge/acquittal was entitled "Demand for Copy of Accusation (Indictment), Etc." In *Adamczyk*, amidst demands for copies of the indictment, witness list, and other documents, there appeared the sentence, "Trial by jury and all other procedural rights provided by the . . . Constitution and statute provisions . . . are also especially demanded." Id. at 289. This court ruled that such language was insufficient as a demand for speedy trial. In so ruling, we held: "The court has for some time been unduly liberal in its construction of what constitutes a valid demand for trial sufficient to invoke the sanctions of Code § 27-1901 [OCGA § 17-7-170]. On several occasions, we have held that a demand for 'trial by jury' is sufficient in and of itself to do so. See *Jeffries v. State*, 140 Ga. App. 477 (231 SE2d 369) (1976); *Williams v. State*, 140 Ga. App. 505 (231 SE2d 366) (1976); *Gay v. State*, 140 Ga. App. 516 (231 SE2d 509) (1976); *Wallis v. State*, 154 Ga. App. 764 (270 SE2d 45) (1980); *State v. Smith*, 156 Ga. App. 133 (274 SE2d 130) (1980); *Pless v. State*, 157 Ga. App. 681 (278 SE2d 475) (1981); *Huckeba v. State*, 157 Ga. App. 795 (278 SE2d 703) (1981). This liberality has given rise to the use of requests, demands, and motions which, though later made the basis for motions for acquittal pursuant to Code § 27-1901 [OCGA

§ 17-7-170], cannot reasonably be construed as demands for speedy trial. In order to discourage this type of draftsmanship, we hold that henceforth a demand for trial will not be considered sufficient to invoke the extreme sanction of Code § 27-1901 [OCGA § 17-7-170] unless it is presented for what it is — a demand to be tried within the next succeeding term of court. Insofar as the cases cited above hold to the contrary, they are hereby overruled. This ruling does not affect our previous rulings regarding placing the demand on the minutes of the court or delivery of the demand to certain officials; nor is any particular form required so long as the demand can reasonably be construed as a demand for trial under the provisions of Code § 27-1901 [OCGA § 17-7-170]. Because the document filed by the defendant in this case cannot reasonably be construed as such a demand, the order of the trial court granting his motion for acquittal is reversed." *State v. Adamczyk*, 162 Ga. App. 288, supra at 289, 290.

The demand filed by defendant in the case sub judice recites that defendant demands a speedy trial upon "any or all charges" against him. The demand clearly seeks a speedy trial. But upon what charges is defendant speedily to be tried? The demand does not identify the charges pending against defendant by name, date, term of court, or case number. Such a demand cannot reasonably be construed as sufficient to put the authorities on notice of a defendant's intention to invoke the extreme sanction of former Code § 27-1901 (now OCGA § 17-7-170, effective November 1, 1982). See generally *A & D Barrel &c. Co. v. Fuqua*, 132 Ga. App. 827, 830 (2 (b)) (209 SE2d 272). If we rule otherwise, we impose a too heavy burden upon authorities to perceive intuitively the charges which a defendant (who identifies himself by name only) wants brought to trial.

2. The second issue to be addressed is whether defendant's constitutional right to a speedy trial was violated. In *Nelson v. State*, 247 Ga. 172, 174 (3) (274 SE2d 317), the Supreme Court set out the factors for determining whether a defendant was denied his Sixth Amendment right to a speedy trial. In that case, the court stated we should consider the length of delay, the reason for the delay, whether the defendant asserted his right, and whether the defendant was prejudiced by the delay. Considering all of these factors, we hold that defendant in the case sub judice was not deprived of his constitutional right to a speedy trial. More than two years passed between the indictment of defendant and the trial. However, "[t]he mere passage of time is not enough, without more, to constitute a denial of due process." *Hughes v. State*, 228 Ga. 593, 595 (1a) (187 SE2d 135). Defendant "has not shown that the prosecution deliberately delayed the trial for tactical advantage, that he asserted his statutory right prior to trial, that he asserted his constitutional right prior to appeal, or that his defense was impaired by the delay." *Getz v. State*, 251 Ga.

462, 463 (306 SE2d 918). It is particularly significant that the allegation of prejudice is not supported by the record. Moreover, the fact that defendant was acquitted of two of the three crimes set forth in the indictment strongly militates against his contention that he was prejudiced by the delay.

3. The trial court did not err in overruling defendant's motion for a judgment of acquittal.

*Judgment affirmed. Banke, P. J., Birdsong, P. J., Sognier, Pope, and Benham, JJ., concur. Deen, P. J., Carley, and Beasley, JJ., dissent.*

DECIDED NOVEMBER 26, 1984.

*William R. Wilburn*, for appellant.
*George W. Weaver, District Attorney, Brenda S. Thurman, Assistant District Attorney*, for appellee.

APPENDIX.

This Letter, To Whom it May Concern

Requesting Speedie Trial of any or all Charges Pickens County & on Jaspe City would have against me

sincerely

C. Ferris II
Caude

FILED IN OFFICE
This 18 day of Dec 19 81
Mildred C. Mullins Clerk Superior Court

DEEN, Presiding Judge, dissenting.

I would dissent from the majority opinion for the following reasons. When appellant Ferris was charged in August 1981 with Terroristic Acts — Shooting at a Conveyance, Terroristic Threats, and Obstructing an Officer, he had pending previous indictments for Driving under the Influence and Obstructing an Officer (Indictment no. S81-R-103) and Cruelty to Animals (Indictment no. S81-4-310). In December of that year — five months after the incident and within the same court term in which his arrest and indictment occurred — Ferris filed *pro se* with the Clerk of the Pickens County Superior Court the following document: "To Whom it May Concern[,] This Letter, Requesting Speedie Trial of any or all Charges Pickens County and or Jaspe [sic] City would have against me[.] Sincerely C. C. Ferris II Claude."

In April 1982 appellant was charged with speeding (Indictment no. S82-R-162), was arraigned, and pled "not guilty." The following October he filed with the Clerk of the Superior Court a letter reading as follows: "TO: Pickens Co. Court and or Whom It May Concern Let be known that on this day 10-14-81 I C. Clifton Ferris II demand my right to speedie trial in case number S-82 R 162 [the April speeding charge] C. Clinton Ferris II." In February 1983 he filed a letter addressed to the district attorney requesting dismissal of "any Charges made against me before 12-18-81"; that is, the August 1981 Terroristic Acts charges and those already pending in August 1981. On March 2, 1983, the date set for trial on the speeding charge (S82-R-162), appellant was brought in by the sheriff and demanded a trial on all pending charges. He was too intoxicated to stand trial at that time, however. In October 1983 — 22 months after the initial demand for speedy trial on charges filed on or before August 1981 and 12 months after the initial demand for speedy trial on the April 1982 charges — appellant filed a "Motion for Acquittal upon Failure to Have a Speedy Trial." The court denied the motion, and on January 24, 1984 (29 months after the incident), he was acquitted on the first two counts of the August 1981 charges (Indictment no. 81 R-50) but was convicted on Count 3 (obstructing an officer).

The majority opinion accurately cites the pertinent provisions of OCGA § 17-7-170 (a) and (b). We agree with the majority that the purpose of this statute is to aid and implement the common-law right to speedy trial existing in Georgia since prior to 1861, and the related provisions of the State's constitution. *Underhill v. State*, 129 Ga. App. 65 (198 SE2d 703) (1973); *Reid v. State*, 116 Ga. App. 640 (158 SE2d 461) (1967); *Dickerson v. State*, 108 Ga. App. 548 (134 SE2d 51) (1963). Unlike the majority, however, we regard the statutory imperative as mandatory, rather than discretionary with the trial court. *Hunley v. State*, 105 Ga. 636 (31 SE 543) (1898). We also note that

this court has held that the demand for speedy trial need not be in any particular form or delivered to any specified officer of the court. *Pless v. State*, 157 Ga. App. 681 (278 SE2d 475) (1981); accord, *State v. Adamczyk*, 162 Ga. App. 288, 290 (290 SE2d 149) (1982). Compare *Turner v. State*, 136 Ga. App. 42 (220 SE2d 57) (1975); *Dickerson v. State*, supra.

The purpose of requiring a demand is to ensure that the State is put on notice as to the demandant's intention to invoke speedy trial guaranties. *Stripland v. State*, 115 Ga. 578 (41 SE 987) (1902). The cases cited by the State in support of the contention that Ferris' letter does not constitute a sufficient demand are distinguishable on their facts in that they concern either situations in which neither the words "speedy trial" nor a substantial equivalent is used, or situations in which the demand for a speedy trial is "buried" in a document so ambiguously or even deceptively captioned as to provide no notice that it contains a speedy trial demand. For example, in *Forbus v. State*, 162 Ga. App. 307 (290 SE2d 559) (1982), aff'd 250 Ga. 24 (295 SE2d 530) (1982), a letter to the district attorney included, *inter alia*, a sentence asking that functionary to "please accept this letter as a formal demand for a trial by jury"; there was no caption, and no other part of the letter constituted a statement that could even remotely represent a demand for speedy trial. The court correctly held that the quoted sentence was insufficient.

In *State v. Adamczyk*, supra, the document on which the appellant subsequently based his claim for discharge/acquittal was captioned "Demand for Copy of Accusation (Indictment), etc." Amidst demands for copies of the indictment, witness list, and other documents, there appeared the sentence, "Trial by jury and all other procedural rights provided by the . . . Constitution and statute . . . are also especially demanded." Id. at 289. This court held that the cited language was insufficient as a demand for speedy trial and held further, at 289, that "henceforth a demand for trial will not be considered sufficient to invoke the extreme sanction of [OCGA § 17-7-170] unless it is presented for what it is — a demand to be tried within the next succeeding term of court."

In *Getz v. State*, 251 Ga. 462 (306 SE2d 918) (1983), the Supreme Court held the following language insufficient: "I demand all of my rights, and I do not waive any of them! I therefore demand my right to enjoy a trial by jury of 12 . . ." In *Smith v. State*, 166 Ga. App. 352 (304 SE2d 476) (1983), the defendants were indicted in November; in December they filed a demand for a copy of indictments and the list of witnesses and for a jury trial; and in July they were tried. They filed a motion for discharge and acquittal, alleging that they came under the aegis of OCGA § 17-7-170. The trial court denied the motion on the ground that no demand for speedy trial had been filed,

and this court affirmed.

In the instant case, in contrast, the relevant document bore no caption at all, misleading or otherwise, but contained in the third line of the six-line hand-printed text the words "speedie [sic] trial." The State objects, and the majority apparently agrees, that the letter specifically names neither the case number, nor the relevant statute, nor the term of court involved. We, however, regard the language "speedie trial," coupled with that citing "any or all Charges," as "present[ing the demand] for what it is," *Adamczyk*, supra at 289; that is, it is sufficiently comprehensive and unequivocal to put any literate person — *a fortiori* an officer of the court — on notice of appellant's intention to avail himself of the speedy trial provisions of the law. We would hold, therefore, that the December 1981 letter was sufficient demand to invoke the provisions of OCGA § 17-7-170. We would further hold that, because appellant's demand was filed at the end of the September 1981 term, during which he was arrested and indicted, and his trial was not set until the January 1984 term, the statutory requirements were not met, and the trial court erred in denying appellant's motion for acquittal and failing to dismiss the charges against him. *Bush v. State*, 152 Ga. App. 598 (263 SE2d 499) (1979); *Bishop v. State*, 11 Ga. App. 296 (75 SE 165) (1912); *Thornton v. State*, 7 Ga. App. 752 (67 SE 1055) (1910).

I am authorized to state that Judge Carley and Judge Beasley join in this dissent.