### 71818. EDWARDS v. THE STATE.
(340 SE2d 229)

BANKE, Chief Judge.

The defendant filed this appeal from the denial of his motion for acquittal based on the state's failure to try him within two terms after he had filed a document which, according to him, constituted a demand for trial pursuant to OCGA § 17-7-170. The ruling is directly appealable pursuant to this court's decision in *Smith v. State*, 169 Ga. App. 251 (1) (312 SE2d 375) (1983). The defendant also enumerates as error the trial court's determination, contained in the same order, that this prosecution is not barred by OCGA § 16-1-7 (b), which prohibits multiple convictions for the same conduct.

The defendant's demand was couched in the following language: "Comes now defendant and files his demand for speedy trial as guaranteed by the laws of the State of Georgia. This demand is filed during the April term 1984 while jurors are impaneled to try defendant." The document was signed by defendant's counsel, served on the district attorney, and filed with the clerk. The defendant and the state stipulated that more than two regular terms of court at which jurors were impaneled and qualified to try him had passed between the filing of demand and the filing of the motion for acquittal. *Held*:

1. In *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149) (1982), we held that to invoke the extreme sanction of acquittal, a demand for trial must be couched in language which may reasonably be construed as referencing the provisions of OCGA § 17-7-170 (former Code § 27-1901). Specifically, we held in that case that a general demand for "trial by jury" was not reasonably subject to such a construction.

While the demand at issue in the present case contains neither a specific reference to OCGA § 17-7-170 nor a specific request to be tried within the next succeeding term of court, its denomination as a "demand for speedy trial as guaranteed by the law of the State of Georgia . . . filed during the April term of 1984 while jurors are impaneled to try the defendant" does provide reasonable reference to the provisions of the code section. It follows that the demand was sufficient to invoke the extreme sanction of acquittal. Nothing contained in *Ferris v. State*, 172 Ga. App. 729 (324 SE2d 762) (1984), may be considered authority for a contrary ruling. There, we found the demand insufficient because it did not identify the charges pending against the defendant by name, date, term of court, or case num-

ber. In the case before us, the charges are identified by placement of the indictment numbers within the heading of the demand notice.

2. The defendant's remaining enumeration of error is rendered moot by the foregoing.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 23, 1986.

*Lawrence S. Sorgen*, for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.