### 74103. THE STATE v. PRESTIA.
(357 SE2d 829)

POPE, Judge.

The State brings this appeal from the trial court's August 15, 1986 order granting defendant's motion for acquittal pursuant to OCGA § 17-7-170 (b).

1. In its first challenge to the trial court's order, the State argues the letter filed by defendant in which his demand for trial pursuant to OCGA § 17-7-170 was stated was insufficient to perfect defendant's statutory demand for speedy trial. Specifically, the State relies on Rule 36.3 of the Uniform Rules, which provides that documents or pleadings presented for filing must set out "the exact nature of the pleading or the type of complaint."

The record shows that on February 20, 1986 defendant's attorney filed a letter with the Clerk of the State Court of Cobb County which, in addition to notifying the clerk of counsel's representation of defendant, also contained a general *Brady* motion, a demand for copies of all warrants, accusations or indictments pending against the defendant, a list of all witnesses and "trial by jury at this or the next succeeding term of court pursuant to OCGA § 17-7-170."

"In *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149) (1982), we held that to invoke the extreme sanction of acquittal, a demand for trial must be couched in language which may reasonably be construed as referencing the provisions of OCGA § 17-7-170 (former Code § 27-1901)." *Edwards v. State*, 177 Ga. App. 557 (340 SE2d 229) (1986). Thus, under *Adamczyk*, supra, and its progeny, a demand which merely requests a trial by jury is insufficient; to invoke the ex-

treme sanction of OCGA § 17-7-170 the demand must provide a reasonable reference to the provisions of that section, or otherwise clearly indicate that it is a demand for speedy trial. See, e.g., *Edwards v. State*, supra at 557; *Malpass v. State*, 173 Ga. App. 690 (1) (327 SE2d 753) (1985); *Ferris v. State*, 172 Ga. App. 729 (1) (324 SE2d 762) (1984). However, in *Adamczyk* we also held "[t]his ruling does not affect our previous rulings regarding placing the demand on the minutes of the court or delivery of the demand to certain officials; *nor is any particular form required* so long as the demand can reasonably be construed as a demand for trial under the provisions of [OCGA § 17-7-170]." (Emphasis supplied.) *Adamczyk*, supra at 290.

In *Ferris v. State*, supra, we again considered whether defendant's demand for speedy trial, which was also contained in a letter filed with the clerk of court, was sufficient to invoke the sanction of acquittal. In that case we found that defendant's demand clearly sought a speedy trial, but nevertheless found the demand insufficient because it did not identify the charges pending against the defendant by name, date, term of court, or case number and thus could not "reasonably be construed as sufficient to put the authorities on notice of a defendant's intention to invoke the extreme sanction of former Code § 27-1901 (now OCGA § 17-7-170, . . .)." Id. at 731. Again, however, we imposed no requirement that a demand for a speedy trial be presented in any particular form.

Applying these considerations to the case sub judice, we note first that defendant's letter contained both a specific request to be tried "at this or the next succeeding term of court" and a specific reference to OCGA § 17-7-170. Moreover, defendant's letter clearly referenced the charges pending against him and the term of court during which defendant was scheduled to appear. Hence, we find that under the guidelines enunciated in both *Adamczyk* and *Ferris* defendant's demand for speedy trial was clearly sufficient to invoke the extreme sanction of acquittal as provided in OCGA § 17-7-170.

2. The State also challenges the trial court's finding that jurors were impaneled and qualified during the February 1986 term of court (when defendant's demand was made) and argues defendant failed to carry his burden of showing that jurors were qualified and impaneled during that term as is necessary to trigger the provisions of OCGA § 17-7-170. See *State v. McDonald*, 242 Ga. 487 (249 SE2d 212) (1978).

The record shows that during the hearing on defendant's motion for acquittal, Ms. Janice Brice, the chief deputy clerk of the State Court of Cobb County testified, inter alia, that to her knowledge jurors were impaneled each and every month to try cases in the State Court of Cobb County. Thus, we cannot agree with the State's conclusion that the defendant failed to carry his burden in this regard. Moreover, in the absence of clear and convincing evidence to the con-

trary, we will not on appeal disturb the trial court's finding that qualified jurors were impaneled to try defendant during the term in which the demand was filed. *Waller v. State*, 251 Ga. 124 (303 SE2d 437) (1983); *Wilson v. State*, 156 Ga. App. 53 (274 SE2d 95) (1980); see generally *Smith v. State*, 174 Ga. App. 647 (2) (331 SE2d 14) (1985). Accordingly, we find the trial court did not err in granting defendant's motion for acquittal.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED MAY 11, 1987 —
REHEARING DENIED MAY 22, 1987 — 

*Patrick H. Head, Solicitor, Amy H. McChesney, Melodie H. Clayton, Assistant Solicitors*, for appellant.
*Alan C. Manheim*, for appellee.