74302. THE STATE v. HICKS.
(359 SE2d 712)

POPE, Judge.

Appellee Billy Hicks pro se filed a demand for speedy trial on February 21, 1986, identifying the offense charged against him, theft by taking, by a warrant number. On March 6, 1986 he was indicted for two counts of theft by taking. The case was scheduled for arraignment in May and June of 1986 and an arraignment was finally held on September 10, 1986. Hicks filed a plea in bar on September 30, 1986 and a hearing was held thereon on October 15, 1986. The State opposed the plea in bar on the ground that the demand for a speedy trial was a nullity because it was filed prior to the return of the indictment contrary to OCGA § 17-7-170, which calls for filing after the bill of indictment has been returned. The defense contended that

once the indictment was returned the demand began to run, rather than being voided, and thus met the statutory requirements.

The trial court ruled that "the filing of the indictment on March 6, 1986 breathed life into the demand filed on February 21, 1986. The accused did not have to wait until he was formally charged to file his demand. The demand attached itself to the indictment and the provisions of [OCGA § 17-7-170] began to apply on March 6. This means that Billy Hicks was entitled to have the merits of his case heard at either the February term or the May term of Superior Court. They were not. The case of [*Andrews v. State*, 175 Ga. App. 22 (332 SE2d 299) (1985)] settles the issue of attaching Sixth Amendment rights to a speedy trial to the date of arrest. Surely rights under [OCGA § 17-7-170] to a speedy trial attach upon a merger of indictment and demand. In the case of [*State v. Spence*, 179 Ga. App. 750 (347 SE2d 612 (1986)] a demand for speedy trial was filed on a traffic citation which had not been filed in the clerk's office. The Court of Appeals said '[that an] accusation embodied in an existing uniform traffic citation is "found" within the meaning of OCGA § 17-7-170 (a) at the moment any court which is lawfully entitled to do so asserts its jurisdiction over the case.' [Id. at 752; see OCGA § 40-13-3]."

We do not agree with the reasoning of the trial court that the holding of the *Spence* case is applicable here. "[A] demand for speedy trial pursuant to the provisions of OCGA § 17-7-170 may not be made until an indictment has been returned or an accusation preferred. *Fisher v. State*, 143 Ga. App. 493 (238 SE2d 584) (1977)." *Majia v. State*, 174 Ga. App. 432, 433 (1) (330 SE2d 171) (1985). Here, as in *Fisher*, supra, Hicks was arrested on a warrant and filed his demand from the issuance of the warrant rather than from an indictment or accusation. As this court explained on motion for rehearing in *Spence*, "[t]here is, of course, no statute analogous to OCGA § 40-13-3 permitting an arrest warrant to be used as a substitute for a formal accusation." 179 Ga. App. 753, supra.

The purpose of the demand statute is to notify the State of the defendant's intention to proceed to a trial or be discharged at a subsequent term. *Stripland v. State*, 115 Ga. 578, 581 (41 SE 987) (1902). If the demand is not filed properly, as set out in the statute, it is possible that the State may not receive proper notice. The statute clearly provides that "[a]ny person against whom a true bill of indictment . . . is found . . . may enter a demand for trial. . . ." Therefore, interpreting this statute literally, only a person who has been indicted or otherwise formally charged with a crime can invoke the rights afforded by OCGA § 17-7-170. As stated in *Flint v. State*, 12 Ga. App. 169, 171 (76 SE 1032) (1913), "The defendant can not demand trial until there is a case in the court which has jurisdiction to try him, — until there has been an indictment or presentment . . . or

an accusation. . . ."[1] The court in *Flint* held that swearing out a warrant did not suspend the statute which provides that all indictments for misdemeanors must be filed within two years of the commission of the offense. The reasoning for this was that since the defendant could not file a demand for trial until he was indicted, the State should not be allowed to suspend the running of the two-year statute until the defendant has been indicted.

"It is well settled in Georgia law that the protection conferred by the statute, supra, attaches with the formal indictment or accusation. *Hall v. Hopper*, 234 Ga. 625 (216 SE2d 839) (1975). Georgia courts have further held, however, that over and above the statutory provisions, supra, Sixth Amendment rights to speedy trial attach upon arrest, [cits.]; and, moreover, that the due process clause of the Fifth Amendment also causes these rights to attach coincidentally with arrest. *State v. Hight*, 156 Ga. App. 246 (274 SE2d 638) (1980)." *Andrews v. State*, 175 Ga. App. at 23, supra. Thus Hicks was not without a means to procure a speedy trial, he simply utilized the wrong method by prematurely invoking the provisions of OCGA § 17-7-170 rather than the constitutional protections which were available to him. Consequently, the judgment granting the plea in bar must be reversed.

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

Decided June 29, 1987 —
Rehearing denied July 15, 1987 —

*Robert E. Keller, District Attorney, Deborah C. Benefield, Assistant District Attorney*, for appellant.
*Keith C. Martin*, for appellee.

---

[1] We note that OCGA § 17-7-170 has been amended effective July 1, 1987 so as to provide that such a demand shall be served on the prosecutor and shall be binding only in the court in which the demand is filed, except where the case is transferred from one court to another without a request from the defendant. Ga. L. 1987, p. 841, § 1.