### 74663. KRAMER v. THE STATE.
(363 SE2d 800)

CARLEY, Judge.

Appellant was arrested and charged with the offense of driving under the influence of alcohol in violation of OCGA § 40-6-391. During the March 1986 term of the State Court of Cobb County, appellant filed in the clerk's office of that court a document, the body of which provided, in pertinent part, as follows: "[T]here being jurors impaneled and qualified to try this case at this time in the State Court of Cobb County, [appellant] specifically requests trial by jury and asks that the same be placed upon the minutes and that he be tried at this term or the next term of the State Court of Cobb County, or in default of such trial, that he be fully acquitted and discharged of said offense." However, this document was captioned, not as a demand for trial, but merely as a "JURY DEMAND." Rule 36.3 of the Uniform Rules for the State Courts (Rules) provides: "Every document or pleading presented for filing in a state court shall bear a caption which sets out the *exact* nature of the pleading or the type of complaint." (Emphasis in original.) When appellant was tried in neither the March term of court nor the next succeeding term, he moved for acquittal. Unlike his earlier document, appellant's motion for acquittal specified in both its caption and its body that he was relying upon OCGA § 17-7-170. The trial court conducted a hearing

and denied appellant's motion for acquittal. Pursuant to *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985), appellant appeals directly from the order of the trial court denying the motion for acquittal.

" '[H]enceforth a demand for trial will not be considered sufficient to invoke the extreme sanction of . . . [OCGA § 17-7-170] unless it is presented for what it is — a demand to be tried within the next succeeding term of court.' " *Ferris v. State*, 172 Ga. App. 729, 731 (1) (324 SE2d 762) (1984). Had appellant's "JURY DEMAND" been filed prior to July 1, 1985, the effective date of the Rules, the entire focus of the determination of its sufficiency as a proper invocation of the provisions of OCGA § 17-7-170 would be upon the text of the document. See generally *Edwards v. State*, 177 Ga. App. 557 (1) (340 SE2d 229) (1986). However, pursuant to promulgation of the Rules, the sufficiency of appellant's document as a proper invocation of OCGA § 17-7-170 now involves the consideration of not merely the language employed in the body thereof, but a consideration of its caption as well.

If the Rules now mandate that the sufficiency of the caption of a purported demand for trial pursuant to OCGA § 17-7-170 must be judged by the same standard that was previously applicable only to the sufficiency of its text, it would follow that the caption "JURY DEMAND" fails to set out "the *exact* nature of the pleading" as a demand for trial and would also constitute a misleading caption for a demand for trial pursuant to OCGA § 17-7-170. "The court has for some time been unduly liberal in its construction of what constitutes a valid demand for trial sufficient to invoke the sanctions of [OCGA § 17-7-170]. On several occasions, we have held that a demand for 'trial by jury' is sufficient in and of itself to do so. [Cits.]. . . . In order to discourage this type of draftsmanship, we hold that henceforth *a demand for trial will not be considered sufficient to invoke the extreme sanction of [OCGA § 17-7-170]* unless it is presented for what it is — a demand to be tried within the next succeeding term of court." (Emphasis supplied.) *State v. Adamczyk*, 162 Ga. App. 288, 289-290 (290 SE2d 149) (1982).

Those with whom documents are filed and those upon whom documents are served are entitled to rely upon the pleader's compliance with the applicable law and the applicable Rules. Since the decision in *Adamczyk* and the subsequent promulgation of the Rules, the recipient of a document captioned as a "JURY DEMAND" will not necessarily attribute to it the same "*exact* nature" as would be attributed to a document captioned as a "DEMAND FOR TRIAL." A written demand for a jury is not analogous to a demand for trial pursuant to OCGA § 17-7-170. *State v. Adamczyk*, supra. Accordingly, we hold that appellant's document which is captioned as his "JURY DEMAND" "sets out the *exact* nature" of the pleading only insofar as

the body of the pleading contains appellant's demand for a jury trial. The caption does not set "out the *exact* nature" of the pleading as containing an additional demand by appellant for a speedy trial pursuant to OCGA § 17-7-170. To give effect to appellant's pleading as a proper demand for not only a jury trial but also for a trial pursuant to OCGA § 17-7-170 would be to endorse resort to the same type of draftsmanship under the Rules that *Adamczyk* sought to discourage prior to their promulgation. In order for a criminal defendant to obtain the extreme sanction of OCGA § 17-7-170 he must show compliance with the applicable procedure. Because appellant's document is not in such compliance, the trial court did not err in denying appellant's motion for acquittal.

*Judgment affirmed. Banke, P. J., concurs. Benham, J., concurs specially.*

BENHAM, Judge, concurring specially.

I agree that the trial court did not err in denying appellant's motion for acquittal, but not for the reason set out in the majority opinion. I find controlling the trial court's findings of fact and conclusions of law as set out in its order; specifically, that by failing to refer to the applicable Code section (OCGA § 17-7-170), failing to characterize the motion as one for a speedy trial, and failing to prove that the prosecuting attorney had been served with a copy of the motion, appellant failed to put the clerk's office and the prosecutor on notice that he was making a demand pursuant to OCGA § 17-7-170 although he did make a valid demand for a trial. It is my opinion that in this case, appellant's failure to comply exactly with the state court rule is not in and of itself as significant as the other omissions.

DECIDED NOVEMBER 25, 1987 —
REHEARING DENIED DECEMBER 11, 1987 — 

*Charles A. Mullinax*, for appellant.
*Patrick H. Head, Solicitor, Melodie H. Clayton, Bruce D. Hornbuckle, Assistant Solicitors*, for appellee.