## 75723. WILSON v. THE STATE.
### (366 SE2d 826)

CARLEY, Judge.

After his arrest for attempted burglary, but prior to his indictment, appellant filed a demand for speedy trial. There being no indictment, appellant's demand identified only by warrant number the offense for which he was seeking a speedy trial. Appellant was subsequently indicted for the offense. When he had not been tried by the next succeeding term of court, appellant filed a motion for acquittal. The trial court conducted a hearing and denied appellant's motion. Pursuant to *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985), appellant appeals directly from the order of the trial court denying the motion for acquittal.

This case is controlled by our recent decision in *State v. Hicks*, 183 Ga. App. 715, 716 (359 SE2d 712) (1987): " '(A) demand for speedy trial pursuant to the provisions of OCGA § 17-7-170 may not be made until an indictment has been returned or an accusation preferred. [Cit.]' [Cit.]. . . . [OCGA § 17-7-170] clearly provides that '(a)ny person against whom a true bill of indictment . . . is found . . . may enter a demand for trial. . . .' Therefore, interpreting this statute literally, only a person who has been indicted or otherwise formally charged with a crime can invoke the rights afforded by OCGA § 17-7-170." It follows that the trial court correctly denied appellant's motion for acquittal.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MARCH 3, 1988.

*Douglas J. Flanagan*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.