## 76030. CARACENA v. THE STATE.
### (368 SE2d 532)

CARLEY, Judge.

Appellant was arrested for shoplifting. She was afforded a preliminary hearing in Atlanta Municipal Court, where her counsel filed a written demand for "speedy trial." Appellant was bound over to the Fulton County Superior Court and a felony indictment charging theft by shoplifting was subsequently issued. Citing the provisions of OCGA § 17-7-170, appellant moved for discharge and acquittal based upon the State's failure to try her in accordance with the demand for speedy trial which she had filed in municipal court. Following a hear-

ing, the trial court denied the motion for discharge and acquittal. Appellant filed this direct appeal from the trial court's order. See *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985).

"This case is controlled by our recent decision in *State v. Hicks*, 183 Ga. App. 715, 716 (359 SE2d 712) (1987): ' "[A] demand for speedy trial pursuant to the provisions of OCGA § 17-7-170 may not be made until an indictment has been returned or an accusation preferred. [Cit.]" [Cit.]. . . . [OCGA § 17-7-170] clearly provides that "[a]ny person against whom a true bill of indictment . . . is found . . . may enter a demand for trial. . . ." Therefore, interpreting this statute literally, only a person who has been indicted or otherwise formally charged with a crime can invoke the rights afforded by OCGA § 17-7-170.' It follows that the trial court correctly denied appellant's motion for acquittal." *Wilson v. State*, 186 Ga. App. 190 (366 SE2d 826) (1988).

Appellant's reliance on *State v. Spence*, 179 Ga. App. 750 (347 SE2d 612) (1986) is misplaced. The *Spence* decision "concerned [a] traffic-related [offense] which may be prosecuted on the [Uniform Traffic] [C]itation without the necessity of returning a formal accusation pursuant to OCGA § 17-7-71. [Cits.] Such an exception does not apply to the crime of [theft by shoplifting], and [any] citation [which may have been] issued in the present case was not sufficient to constitute an accusation [or indictment] against [appellant as] the defendant herein. Accordingly, [appellant's] demand for speedy trial was prematurely filed and the trial court [properly denied her] motion for acquittal." *State v. McKenzie*, 184 Ga. App. 191, 192 (361 SE2d 54) (1987).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED APRIL 4, 1988.

*Robert S. Devins*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, William Fincher, R. Andrew Weathers, Assistant District Attorneys*, for appellee.