### 76416. O'NEAL v. THE STATE.
(372 SE2d 833)

POPE, Judge.

The defendant, Charles Kenneth O'Neal, was arrested on January 25, 1987, and charged with driving under the influence. On May 5, 1987, defendant filed a "Demand for Jury Trial" in the City Court of Woodbury, Georgia. On that same day defendant was bound over to the Superior Court of Meriwether County. The superior court, however, did not receive defendant's demand until July 10, 1987. Several terms of court thereafter, an accusation was returned against defendant in the superior court. On November 23, 1987, defendant filed a Motion to Dismiss and Plea in Bar based on the State's failure to try him timely pursuant to his demand. This appeal follows the trial court's order overruling defendant's motion.

We must first determine whether the demand in the present case was a demand for speedy trial or, as the State argues, simply a request for a jury trial. Although no particular form is required for a speedy trial demand, "to invoke the extreme sanction of [acquittal contained in] OCGA § 17-7-170 the demand must provide a reasonable reference to the provisions of that section, or otherwise clearly indicate that it is a demand for speedy trial." *State v. Prestia*, 183

Ga. App. 24, 24-25 (357 SE2d 829) (1987), and cits. In the case at bar defendant demanded "a jury trial at this term or the next succeeding term of Meriwether Superior Court or else all charges be dismissed." This language clearly demanded both a speedy trial and a jury trial.

The State also contends that the trial court properly overruled defendant's motion because the superior court did not receive the motion until July 10, 1987 and, under the amended version of OCGA § 17-7-170 effective July 1, 1987 (Ga. L. 1987, p. 841, § 1), a demand for speedy trial is binding only in the court in which it is filed. Although the record shows that the superior court did not receive defendant's demand until after the effective date of the amendment, defendant filed his demand on May 10, 1987. The case was transferred to the superior court on that same day. Under the law at that time, defendant's demand should have been transferred to the superior court along with the other documents pertaining to defendant's case. *State v. Bostwick*, 181 Ga. App. 508 (352 SE2d 824) (1987); *Majia v. State*, 174 Ga. App. 432 (1) (330 SE2d 171) (1985), aff'd 254 Ga. 660 (333 SE2d 834) (1985). It appears, therefore, that the State's failure to receive notice of defendant's demand until July 10, 1987 is properly attributed to the clerk of the city court and not the defendant. Clerical errors may not affect a defendant's statutory right to speedy trial. *Bostwick*, supra; *Jeffries v. State*, 140 Ga. App. 477 (231 SE2d 369) (1976). Consequently, the trial court's order overruling defendant's motion must be reversed.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Virgil L. Brown*, for appellant.
*William C. Hambrick, Jr., District Attorney*, for appellee.