## 77326. VERSCHAREN v. THE STATE.
### (374 SE2d 349)

BANKE, Presiding Judge.

Mark Verscharen brings this appeal from his conviction of driving under the influence of alcohol. Although the record before us does not contain a copy of the accusation upon which the appellant was tried, it is apparent that a charge of "improper driving on roadway" was also set forth in the accusation but was merged with the driving under the influence charge during sentencing. Verscharen contends on appeal that the trial court erred in denying his pre-trial motion to dismiss the charges against him based on the state's failure to try him within the next succeeding term of court after he had filed a demand for trial pursuant to OCGA § 17-7-170.

At the time of his arrest, which occurred on August 13, 1986, Verscharen was issued a "Georgia Uniform Traffic, Citation, Summons, Accusation" for each of the charges, directing him to appear in the Recorder's Court of the City of Roswell on September 18, 1986. On that date, he filed in the recorder's court a "Demand for Trial by Jury," the body of which stated, in its entirety, as follows: "Now comes Scott Potter (sic) and demands trial by jury in the above-styled case pursuant to his rights under the 6th Amendment of the United States Constitution and OCGA § 17-7-170 there being jurors impanelled and qualified to try said case at this time." Although the movant was identified as "Scott Potter," in the body of the demand, the appellant was correctly identified as the defendant in the style of the document, which also correctly referenced the identifying numbers on the uniform traffic citations containing the charges against him.

The case was subsequently transferred to the State Court of Fulton County, where on January 27, 1987, more than two terms after the demand for trial was filed, the appellant filed his motion to dismiss. The trial court denied the motion solely on the ground that "the demand for trial pursuant to OCGA § 17-7-170 filed in this case demands trial for Scott Potter, and not for the [appellant]." The state makes no contention that the demand for trial was deficient in any other respect. *Held*:

In *State v. Prestia*, 183 Ga. App. 24 (1) (357 SE2d 829) (1987), this court held that a letter sent to the clerk of the trial court by counsel for the defendant containing a demand for " 'trial by jury at this or the next succeeding term of court pursuant to OCGA § 17-7-170' " was "clearly sufficient to invoke the extreme sanction of acquit-

tal as provided in OCGA § 17-7-170," id. at 25, even though the letter also contained a general *Brady* motion, a demand for copies of all warrants, accusations or indictments pending against the defendant, and a demand for a list of witnesses. While the demand at issue in the present case, unlike the demand in *Prestia*, did not contain a specific request to be tried within the next succeeding term of court, it did contain a reference to OCGA § 17-7-170, as well as an allegation that there were "jurors impanelled and qualified to try said case at this time." Accordingly, we conclude that the demand was " 'sufficient to put the authorities on notice of [the] defendant's intention to invoke the extreme sanction of . . . OCGA § 17-7-170. . . .' " Id. at 25, quoting *Ferris v. State*, 172 Ga. App. 729, 731 (324 SE2d 762) (1984). Certainly, the obvious mistake in naming Scott Potter as the movant in the body of the demand could not have misled the state's attorney under the circumstances, since the appellant was correctly identified as the defendant in the style of the pleading, and the citation numbers referencing the charges against him were correctly set forth therein. Compare *Ferris v. State*, supra (where the demand did not identify the charges pending against the defendant by name, date, term of court, or case number). It follows that the trial court erred in denying the appellant's motion to dismiss in the present case.

This court's decision in *Kramer v. State*, 185 Ga. App. 254 (363 SE2d 800) (1987), does not constitute authority for a contrary result. In *Kramer*, two members of this court, including the writer herein, expressed the opinion that because the Uniform Rules for the State Courts (effective July 1, 1985) require that the "*exact* nature of the pleading" be identified in the pleading's caption, a document captioned simply, "Jury Demand," would not constitute a valid demand for trial under OCGA § 17-7-170, irrespective of the language contained in the body of the document. That decision, however, conflicted with the prior decision of this court in *State v. Prestia*, supra, wherein the demand for trial was held effective to invoke the sanctions of the Code section even though it was expressed in a letter which bore no caption whatever and which sought to invoke various other rights in addition to the right to be tried within the next succeeding term of court. Because *Prestia* was a three-judge rather than a two-judge decision, it, rather than *Kramer*, must necessarily be considered the controlling authority in the case before us. See Court of Appeals Rule 35 (b). Moreover, the demand at issue in this case was not filed in state court but in recorder's court. Consequently, the Uniform State Court Rules cannot be considered applicable.

*Judgment reversed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED OCTOBER 7, 1988.

*Timothy T. Herring, Steven Harrell*, for appellant.
*James L. Webb, Solicitor, Patsy Y. Porter, Carmen Smith, Assistant Solicitors*, for appellee.