## A89A0060. GREEN v. THE STATE.
(383 SE2d 359)

CARLEY, Chief Judge.

After accusations had been brought against him, appellant filed a pleading which he captioned as his "DEMAND." Within the text of this pleading, appellant made numerous evidentiary and procedural demands, including a demand for "trial by jury pursuant to the Offi-

cial Code of Georgia Annotated, Section 17-7-170. . . ." When two terms of court passed and appellant had not been brought to trial, he moved for acquittal. Appellant brings this direct appeal from the order denying his motion for acquittal. See *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985).

" '[H]enceforth a demand for trial will not be considered sufficient to invoke the extreme sanction of . . . (OCGA § 17-7-170) unless it is presented for what it is — a demand to be tried within the next succeeding term of court.' " *Ferris v. State*, 172 Ga. App. 729, 731 (1) (324 SE2d 762) (1984). In holding that appellant's pleading failed to meet this standard, the trial court relied upon *Kramer v. State*, 185 Ga. App. 254 (363 SE2d 800) (1987). The pleading that was under consideration in *Kramer* had been captioned as a "JURY DE-MAND." We held that such a caption "fails to set out 'the exact nature of the pleading' as a demand for trial and would also constitute a misleading caption for a demand for trial pursuant to OCGA § 17-7-170. . . . [T]he recipient of a document captioned as a 'JURY DE-MAND' will not necessarily attribute to it the same 'exact nature' as would be attributed to a document captioned as a 'DEMAND FOR TRIAL.' A written demand for a jury is not analogous to a demand for trial pursuant to OCGA § 17-7-170. [Cit.]" (Emphasis omitted.) *Kramer v. State*, supra at 255. Thus, the pleading deficiency in *Kramer* was in the misleading over-specificity of "JURY DEMAND" as a caption for a pleading which also included a demand for trial pursuant to OCGA § 17-7-170. Compare *State v. Prestia*, 183 Ga. App. 24 (357 SE2d 829) (1987). "The caption does not set 'out the exact nature' of the pleading as containing *an additional demand* by appellant for a speedy trial pursuant to OCGA § 17-7-170." (Emphasis supplied in part and omitted in part.) *Kramer v. State*, supra at 256.

Here, unlike in *Kramer*, the caption of appellant's pleading would not mislead its recipient into construing it as being no more than a mere demand for a jury trial. The caption "DEMAND" sets out the "exact nature" of the pleading as a general request for an evidentiary or procedural right which appellant, as a criminal defendant, seeks to invoke. Rather than being misled, the recipient of such a generally captioned pleading would be required to read the text so as to determine which right or rights were being invoked. Nothing in *Kramer* requires that each demand for an evidentiary or procedural right be made in a separate pleading with a separate caption. See generally *State v. Prestia*, supra. Likewise, *Kramer* does not require that the caption of a multi-demand pleading duplicate the text and specify which demands are being made therein. All that *Kramer* requires is that the caption of a pleading be otherwise exact and non-misleading. Employment of "DEMAND" as a general caption for a pleading

wherein a number of evidentiary and procedural rights are invoked is sufficient to meet this standard.

The text of appellant's pleading specified his reliance upon the provisions of OCGA § 17-7-170. No "particular form [is] required so long as the demand can reasonably be construed as a demand for trial under the provisions of [OCGA § 17-7-170]." *State v. Adamczyk*, 162 Ga. App. 288, 290 (290 SE2d 149) (1982). There is no requirement that, in addition to a specific citation to the statute itself, a demand must also quote the relevant provisions thereof. To hold otherwise would be to construe OCGA § 17-7-170 as strictly as it once was construed liberally. See *State v. Adamczyk*, supra. Accordingly, we hold that appellant's demand, considering both its caption and its text, can reasonably be construed as a demand for a speedy trial under the provisions of OCGA § 17-7-170. It necessarily follows that the trial court erred in denying appellant's motion for acquittal.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 9, 1989.

*Pruitt & Britt, Glyndon C. Pruitt*, for appellant.
*Gerald N. Blaney, Solicitor*, for appellee.