A89A0861. THE STATE v. ALLEN.
(386 SE2d 394)

BIRDSONG, Judge.

The State appeals the order of the trial court granting defendant's motion for discharge and acquittal.

Appellant, Terry Mark Allen, was indicted for the sale of marijuana at the October Term of the Superior Court of Banks County. Defendant filed the following timely motion in the October Term of court: "In The Superior Court of Banks County, State of Georgia, STATE OF GEORGIA, Plaintiff, vs. TERRY MARK ALLEN, Defendant, *Indictment No.: 87-CR-109B*, Now comes the above named Defendant and before arraignment pleads not guilty and *demands a trial in accordance with OCGA § 17-7-170* demands a trial by jury, a copy of the accusation indictment against him/her and a list of witnesses. . . ." (Emphasis supplied.) The motion had no caption, and was signed by both the defendant and his counsel. Trial was not held within two terms as required by OCGA § 17-7-170, and the superior court granted defendant's motion for discharge and acquittal. *Held*:

1. The State asserts that the trial court erred in granting defendant's motion for discharge and acquittal when a trial judge recused himself on his own initiative resulting in a delay of the proceedings. "OCGA § 17-7-170 requires that after a defendant accused of a

noncapital offense makes a proper demand for trial, he must be tried within the term of the demand or by the end of the next succeeding term, *provided that at both terms there are juries impaneled and qualified to try him.* If he is not tried by the end of the term following the demand, ' . . . he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.' " (Emphasis supplied.) *Cleary v. State,* 258 Ga. 203, 204 (366 SE2d 282). We have consistently held that this statute should be "literally" interpreted. *Caracena v. State,* 186 Ga. App. 763, 764 (368 SE2d 532); *Wilson v. State,* 186 Ga. App. 190 (366 SE2d 826); *State v. Hicks,* 183 Ga. App. 715, 716 (359 SE2d 712). It is clear that OCGA § 17-7-170 on its face only requires that "there are juries impaneled and qualified to try" the defendant at both of the court terms. The statute does not require that there be a qualified judge available; the legislature apparently being satisfied that the judiciary would capably attend to such matter. See generally Uniform Superior Court Rules § 25 (Recusal). At the hearing conducted on this motion, the trial court found and the State does not now contest that qualified juries were impaneled as required by OCGA § 17-7-170.

Basically, the State contends that the original trial judge twice continued the case, because he believed himself disqualified due to his personal knowledge of the defendant, and that ultimately the trial judge did recuse himself of his own motion. The State theorizes that because it was willing and able to try the case within the two terms that it should not be penalized. The State wisely does not assert that the duty to obtain the trial judge fell upon the defendant/appellee, but places that duty exclusively on the recusant judge relying on *Ferry v. State,* 245 Ga. 698 (267 SE2d 1).

At the outset we find that regardless whose responsibility it might have been to obtain or to initiate a motion to obtain a qualified judge to try this case, it was not that of the defendant. We need not further resolve this issue in this instance. During the hearing of the motion, the district attorney stated that the original trial judge continued the case in both terms when it was sounded with the concurrence of the defendant, and that this was made a matter of record. The defense counsel then stated in his place that "[w]e've never concurred, and I never heard Judge Brooks state in open court or to me that he's continued the case." The district attorney thereafter conceded on the record that the original trial judge did not enter an order either voluntarily recusing himself or directing a continuance in the case sub judice, and that certain statements alluded to had been made by the trial judge to the district attorney *privately.* Thereafter the presiding trial judge concluded on the hearing record that "the actual record that we have is silent as to why [the case] was not reached in the two terms." He also concluded that it was probably the

court's responsibility to "figure out some way" to make a qualified judge available to try the case timely. And the trial judge subsequently noted "there's nothing in the record to indicate that the [d]efendant or the State, either one, requested any continuance."

Our independent review of the record likewise reveals no official orders or other communications establishing either that the original judge recused himself or that the case was twice continued. Neither does the record before us reflect that the State has attempted to supplement this record. See generally OCGA § 5-6-41. In view of the posture of the record, we find no basis for reversing the trial court's ruling on the grounds asserted by the State.

2. Appellant asserts that the trial court erred in granting defendant's motion for discharge and acquittal when the motion was not in a form sufficient to be recognized as a motion for speedy trial.

It is well established that a demand for trial by jury or its mere equivalent is not sufficient to invoke the sanctions of OCGA § 17-7-170. *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149); compare *Malpass v. State*, 173 Ga. App. 690 (327 SE2d 753) (the document could not reasonably be construed as a demand to be tried in the next succeeding term of court); *Smith v. State*, 169 Ga. App. 251 (2) (312 SE2d 375); *Smith v. State*, 166 Ga. App. 352 (1) (304 SE2d 476).

In *Adamczyk*, supra at 289-290, we held that "henceforth a demand for trial will not be considered sufficient to invoke the extreme sanction of [OCGA § 17-7-170] unless it is presented for what it is—a demand to be tried within the next succeeding term of court. . . . [N]or is any particular form required so long as the demand can *reasonably be construed as a demand for trial under the provisions of* [OCGA § 17-7-170]." (Emphasis supplied.) In *Ferris v. State*, 172 Ga. App. 729, 731 (324 SE2d 762), the demand was not deemed sufficient, because "[t]he demand does not identify the charges pending against defendant by name, date, term of court, or case number[; s]uch a demand cannot reasonably be construed as sufficient to put the authorities on notice of a defendant's intention to invoke the extreme sanction of [OCGA § 17-7-170]."

In *Edwards v. State*, 177 Ga. App. 557 (340 SE2d 229), this court applied the *Adamczyk* and *Ferris* principles and found a demand sufficient which stated, " '[c]omes now defendant and files his demand for speedy trial as guaranteed by the laws of the State of Georgia.' " In *Edwards*, supra at 557-558, we held that "[w]hile the demand at issue . . . contains neither a specific reference to OCGA § 17-7-170 nor a specific request to be tried within the next succeeding term of court, its denomination as a 'demand for speedy trial as guaranteed by the law of the State of Georgia . . . filed . . . while jurors are impaneled to try the defendant' *does provide reasonable reference to . . . the code section.* It follows that the demand was sufficient to

invoke the extreme sanction of acquittal. Nothing contained in *Ferris v. State*, [supra], may be considered authority for a contrary ruling. . . . In the case before us, the charges are identified by placement of the indictment numbers within the heading of the demand notice." (Emphasis supplied.)

In *State v. Prestia*, 183 Ga. App. 24 (1) (357 SE2d 829), we concluded that a demand was sufficient which stated " 'trial by jury at this or the next succeeding term of court pursuant to OCGA § 17-7-170.' " In so ruling, we held "to invoke the extreme sanction of OCGA § 17-7-170 the demand *must provide a reasonable reference to the provisions of that section*, or otherwise clearly indicate that it is a demand for speedy trial." Accord *O'Neal v. State*, 188 Ga. App. 270 (372 SE2d 833); compare *Vondolteren v. State*, 184 Ga. App. 344 (361 SE2d 833). This court in *Prestia* also acknowledged and applied the *Ferris* rule that the demand must reasonably identify the charges pending to which the demand pertains but also reemphasized the established rule of *Adamczyk* that the demand need not be in any particular form. Id. at 25.

In *Verscharen v. State*, 188 Ga. App. 746 (374 SE2d 349), this court found sufficient a demand that was captioned as a "Demand for Trial by Jury," and which stated in the body thereof " '[n]ow comes [defendant] and demands trial by jury in the above-styled case pursuant to his rights under the 6th Amendment . . . and OCGA § 17-7-170 there being jurors impanelled and qualified to try said case at this time.' " Thus, we held the request sufficient to meet the *Prestia* test notwithstanding its lack of a specific request to be tried within the next succeeding term of court. Compare *Green v. State*, 191 Ga. App. 873 (383 SE2d 359) (1989).

Applying the *Prestia* test to the demand in this case, we are satisfied that the demand provided not only a reasonable reference, but a direct reference, to OCGA § 17-7-170, and thus could be reasonably construed as a demand for trial under its provisions as required by *Adamczyk*. Incidentally, we note that the district attorney expressly conceded on the record that "[i]f you went to the code section [OCGA § 17-7-170], you'd know that was a demand for it to be tried within two terms of court." Further, as the demand contained a direct reference to the indictment number, it complies with the specificity of identity requirements of *Ferris*. *Edwards*, supra. Moreover, assuming this demand had failed to comply fully with the procedural requirements necessary to invoke OCGA § 17-7-170 sanctions by only making a demand for trial "in accordance with OCGA § 17-7-170," the demand clearly was in substantial compliance therewith, within the meaning of OCGA § 1-3-1 (c).

The appellant attempts to rely on the two-judge case of *Kramer v. State*, 185 Ga. App. 254 (363 SE2d 800), and assert that the de-

mand was fatally flawed because it was not properly captioned. In *Verscharen*, supra at 747, we rejected *Kramer* expressly noting that *Prestia*, which as here involved a demand without caption and sought to invoke various other rights in addition to the OCGA § 17-7-170 right to be tried within the next succeeding term of court, was controlling. We find both *Prestia* and *Verscharen* to be controlling in this case. A caption is not mandated; "[t]he trial court is not bound by the nomenclature [or lack thereof] used by a party [to identify a motion]." *State v. Johnston*, 249 Ga. 413, 415 (291 SE2d 543). "[W]e have said times without number that there is no magic in nomenclature" and we will construe the pleadings to serve the pleader's best interests and "by its function rather than by its name." *Holloway v. Frey*, 130 Ga. App. 224 (3) (202 SE2d 845); see *Gully v. Glover*, 190 Ga. App. 238 (1) (378 SE2d 411); accord *McDonald v. State*, 222 Ga. 596 (1) (151 SE2d 121); Ga. Prac. & Proc., Motions, § 9-1. Moreover, the absence of any caption could not have misled appellant. "Rather than being misled, the recipient of [a motion without caption] would be required to read the text so as to determine which right or rights were being invoked." Compare *Green*, supra at 874.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 6, 1989.

*Timothy G. Madison, District Attorney, John G. Wilbanks, Jr., Michael H. Booth, Assistant District Attorneys*, for appellant.
*David C. Jones, Jr.*, for appellee.