A91A1845. CUMMINS v. THE STATE.
(413 SE2d 773)

McMURRAY, Presiding Judge.

Via three uniform traffic citations, defendant was charged with driving under the influence, leaving the scene of an accident and failure to report an accident. Defendant pleaded not guilty and demanded a jury trial. Thereupon, the case was transferred from the Warner Robins Municipal Court to the State Court of Houston County.

Defendant filed a "speedy trial demand" which reads as follows: "Comes now the Defendant, Robert R. Cummins, Jr., pursuant to OCGA § 17-7-170, and demands a trial by jury within the next succeeding term of court, there being jurors impaneled to try said case at said term." Defendant was not tried within two terms and he moved for an acquittal.

At the hearing, the State conceded that defendant was not tried within the time set forth in OCGA § 17-7-170. It argued, however, that defendant's demand was insufficient to start the running of the clock. The trial court agreed and denied defendant's motion for an acquittal. Defendant appeals. *Held:*

In *Ferris v. State*, 172 Ga. App. 729 (324 SE2d 762), the defendant filed a letter demanding a speedy trial upon "any or all charges" against him. The letter did not identify the charges which were pending against defendant by "name, date, term of court, or case number." Accordingly, we held that while the letter was sufficient to demand a speedy trial, it was insufficient "to put the authorities on notice of a defendant's intention to invoke the extreme sanction of former Code § 27-1901 (now OCGA § 17-7-170, effective November 1, 1982)."

In the case sub judice, as in *Ferris*, the demand indicated clearly that it is a demand for a speedy trial. See *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149). But it failed to identify the charges upon which defendant demanded a speedy trial by "name, date, term of court, or case number." *Ferris v. State*, 172 Ga. App. 729, 731, supra. Compare *State v. Allen*, 192 Ga. App. 730 (386 SE2d 394) in which the indictment number was referenced specifically in the demand. Inasmuch as the demand did not identify the charges pending against

defendant, it "cannot reasonably be construed as sufficient to put the authorities on notice of . . . defendant's intention to invoke the extreme sanction of . . . OCGA § 17-7-170. . . ." *Ferris v. State*, 172 Ga. App. 729, 730 (1), 731, supra.

*State v. Prestia*, 183 Ga. App. 24 (1) (357 SE2d 829), cited by defendant, is inapposite. In that case, "defendant's letter clearly referenced the charges pending against him and the term of court during which defendant was scheduled to appear." Id. at 25.

Likewise, defendant's reliance upon *Verscharen v. State*, 188 Ga. App. 746 (374 SE2d 349), is misplaced. In *Verscharen*, unlike the case sub judice, the defendant "correctly referenced the identifying numbers on the uniform traffic citations containing the charges against him."

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 21, 1991 —
RECONSIDERATION DENIED DECEMBER 3, 1991 —

*Waymon S. Harrell*, for appellant.
*Robert E. Turner, Solicitor, Cynthia T. Adams, Assistant Solicitor*, for appellee.