A93A0225. THE STATE v. STORY.
A93A0226. THE STATE v. SMITH.
A93A0227. THE STATE v. CLARK.
A93A0228. THE STATE v. BAILEY.
A93A0229. THE STATE v. VINCENT.

(433 SE2d 599)

ANDREWS, Judge.

These appeals arise from the trial court's dismissal of six unconnected DUI cases. One of the six defendants has died and only five of the cases remain for our consideration.

### Case Nos. A93A0226, A93A0227, A93A0228, A93A0229

The pertinent facts for these four cases are the following: Case No. A93A0225 is dealt with below. In each of these four cases, the defendant was charged with DUI. Smith and Clark were charged on September 14, 1990; Bailey was charged on September 22, 1990; and Vincent was charged on September 23, 1990.

Each defendant filed a motion to transfer the case from recorder's court to Coffee County State Court and to have a trial by jury — Smith on September 18, 1990; Clark, Bailey and Vincent filed their motions on September 25, 1990. The motions were granted and each case transferred to Coffee County State Court — Smith's on September 25, 1990; Clark's, Bailey's and Vincent's on October 12, 1990. Though not clear from the record, at some point in 1992, defendants withdrew their requests for jury trials and requested non-jury trials.

The cases were called for a non-jury trial on June 11, 1992. On that date, each defendant pled guilty to the reduced charge of public drunkenness.

Thereafter, the State filed a motion to arrest judgment or to set aside the judgment. The court held a hearing on that motion and granted the motion on August 18, 1992, nunc pro tunc July 27, 1992. The transcript reveals that after granting the motion, the court asked if defendants had any motions. Appellee Smith's attorney moved that the case be dismissed for failure to have a speedy trial and the other three defendants adopted the same motion.

The court granted the motions. In its orders, dated August 18, 1992, nunc pro tunc for July 27, 1992, the court dismissed the actions, citing Ga. Const. 1983, Art. I, Sec. I, Par. XI.

The State enumerates two errors. Because the second enumeration appears dispositive, we will address it first. In that enumeration, the State argues that the trial court erred in granting appellees' motion to dismiss for lack of a speedy trial. Because the trial court's order specifically invokes the constitutional speedy trial provisions,

and because the statutory provisions of OCGA § 17-7-170 are not at issue here, we address this issue solely from the constitutional perspective.

" 'In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) ((1972)), the Supreme Court of the United States identified four factors which it stated the court should weigh in balancing the conduct of the prosecution and the defendant on the issue of the denial of the constitutional right to a speedy trial. These four factors are: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant.' " See *Lynott v. State*, 198 Ga. App. 688, 691 (8) (402 SE2d 747) (1991); *State v. Weeks*, 136 Ga. App. 637 (2) (222 SE2d 117) (1975). "The basis for the development of the highly subjective, flexible approach in Barker, is that the defendant is held to have some responsibility to assert a speedy trial claim . . . even though it is the state's duty to bring him to trial . . . ; and that unlike other constitutional rights, both society and the individual criminal defendant have a potential interest in either having a speedy trial or delaying any trial." *State v. Lively*, 155 Ga. App. 402, 404 (270 SE2d 812) (1980).

In evaluating the first factor here, the length of the delay, we must first evaluate the effect of the trial court's granting of the State's motion to arrest judgment on July 27, with respect to the June 11, 1992 "final dispositions" of the cases. As stated above, the cases were docketed in Coffee State Court in September and October 1990. In order to determine the time frame for evaluating the speediness of defendants' trial, it is necessary to ascertain the effect of the entry of the judgments of June 11, 1992, in light of the trial court's subsequent grant of the motion to arrest judgment.

We are unable to locate any case law precisely on point. In *Ramirez v. State*, 196 Ga. App. 11 (2) (395 SE2d 315) (1990), the defendant filed a demand for trial pursuant to OCGA § 17-7-170 and was timely tried, but his conviction was reversed on appeal. The issue in *Ramirez* was whether the defendant had to be retried in the same number of days as remained for the original trial or whether discharge and acquittal for lack of prosecution was proper.

Although *Ramirez* addressed the statutory provisions of OCGA § 17-7-170, the case offers guidance here. The court stated that the statute was " 'enacted to implement the (state) constitutional provision for a speedy trial . . . (so that) the accused might (not) suffer uncertainty, emotional stress, and the economic strain of a pending prosecution indefinitely. . . .' [Cit.] Of necessity, it affords the State a reasonable time frame in which to prepare and try its case against the accused. This would be no less true in a retrial after reversal on appeal. The State is able and obligated to try the case only during periods when the court has jurisdiction of it." Id.; see also *Dennis v.*

*Grimes*, 216 Ga. 671 (118 SE2d 923) (1961); compare *Geiger v. State*, 25 Ga. 667 (1858); *Brown v. State*, 85 Ga. 713 (11 SE 831) (1889).

Applying the pragmatic concerns of *Ramirez* to this case, and applying the *Barker v. Wingo* considerations, we must factor into our analysis of the constitutional right to a speedy trial, the fact that some of the time period between September or October 1990 and July 27, 1992, was involved in the granting of the motion to arrest judgment and that the case was an inactive one for more than one month. The practical realities facing the trial court upon granting such a motion make it infeasible to immediately retry the case in some situations. Here, the delay of 22 months was shortened by the period during which the case was inactive, and the delay was, at most, 21 months.

The second consideration under *Barker v. Wingo* is the reason for the delay. Although we find that the State was responsible for filing the motion to arrest judgment, there is also evidence that the State attempted to have the cases set for trial prior to June 11, 1992. There is no evidence of any action by the State which evidences an intent to delay the proceedings.

The third factor for consideration is the defendants' assertion of their right to a speedy trial. Although the defendants asserted their right to a *jury* trial in September 1990, there was no reference to a speedy trial until their oral motion at the July 27, 1992 hearing.[1] There is no mention anywhere in the record of the time period within which the defendants wished to be tried. " 'Whether and how a defendant asserts his right is closely related to the other factors we have mentioned.' " *Crapse v. State*, 180 Ga. App. 321, 324 (1) (349 SE2d 190) (1986), citing *Barker v. Wingo*, supra.

Our fourth and final consideration under *Barker* is prejudice to the defendants. This factor means a showing of actual, substantial prejudice to the defendant and a showing that the delay was oppressive. *State v. Lively*, supra; *Crapse*, supra; *Redd v. State*, 261 Ga. 300 (404 SE2d 264) (1991). Here, at the hearing, there was no evidence that the defendants had been prejudiced as a result of the delay. They were not in prison pending the resolution of the charges, and in fact, at the hearing the defendants did not even assert that they had been prejudiced by the delay in the trial.

---

[1] The demands which defendants filed were simply for a jury trial and there was no reference to OCGA § 17-7-170, nor was there a request for a "speedy trial." See *Verscharen v. State*, 188 Ga. App. 746 (374 SE2d 349) (1988). The demands did not mention a time frame at all and did not constitute demands for speedy trial sufficient to invoke the provisions of OCGA § 17-7-170. See *Cummins v. State*, 202 Ga. App. 155 (413 SE2d 773) (1991); *Howard v. State*, 200 Ga. App. 188 (7) (407 SE2d 769) (1991). Further, neither the trial court's order, nor the parties' arguments involve the provisions of OCGA § 17-7-170 and our analysis is limited to a constitutional one.

Balancing all of these factors, we find that there was no denial of defendants' constitutional right to a speedy trial. Accordingly, we reverse the trial court's dismissal of these four cases. Because of this conclusion, we need not address the State's first enumeration concerning defendants' oral presentation of the motion to dismiss.

### Case No. A93A0225

Although this case was grouped with the cases above before the trial court, it is distinguishable for purposes of this appeal. On August 11, 1990, defendant Story was charged with driving under the influence of alcohol, driving with a suspended license, driving without a safety belt, and driving with no proof of insurance. He never filed any type of demand for trial.

On June 11, 1992, along with the appellees above, Story, proceeding pro se, was tried without a jury and convicted of driving without a safety belt and driving without proof of insurance. Additionally, as with the other defendants, the charge against him for driving under the influence was reduced to a charge of public drunkenness.

At the July 27 hearing, discussed above, it appears that Story was unrepresented. Thus the court on its own motion, dismissed the case against Story along with the cases above.

In its sole enumeration of error in this case, the State contends that the trial court erred by dismissing the case for lack of a speedy trial on its own motion. For the reasons set out above, we agree that the trial court erred in dismissing the action. Because of our conclusion, we need not address the arguments regarding the procedural propriety of the trial court's motion.

*Judgments reversed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 8, 1993 —
RECONSIDERATION DENIED JULY 13, 1993.

*Rebecca L. Sims*, for appellant.
Lonnie E. Story, *pro se* (case no. A93A0225).
*C. Jerome Adams*, for appellee (case no. A93A0226).
*Starling & Starling, Donald A. Starling*, for appellees (case nos. A93A0227, A93A0228, A93A0229).