A94A0078. ARANZA v. THE STATE.
(444 SE2d 349)

Smith, Judge.

Anthony Aranza was charged by accusation on February 16, 1993, with DUI, OCGA § 40-6-391 (a), and driving with a suspended license, OCGA § 40-5-121 (a). He filed numerous motions on March 1, 1993, including a "demand for trial by jury." On July 23, 1993, Aranza filed a motion for discharge and acquittal, asserting that the State had not complied with the speedy trial provisions of OCGA § 17-7-170. The trial court denied his motion.

When applicable, OCGA § 17-7-170 requires trial within the same term of court or the next succeeding term, or the defendant "shall be absolutely discharged and acquitted of the offense charged in the . . . accusation." OCGA § 17-7-170 (b).

The State opposed Aranza's motion on two grounds. First, relying on *Kramer v. State*, 185 Ga. App. 254 (363 SE2d 800) (1987), it argued that the motion was fatally defective because the caption "demand for jury trial" failed to afford the State notice that the motion sought a speedy trial under OCGA § 17-7-170. Second, it argued that

the demand was legally insufficient under *Ferris v. State*, 172 Ga. App. 729 (324 SE2d 762) (1984) in that it failed to identify the pending charges or the case number. The trial court denied Aranza's motion on the basis that the caption was "legally insufficient to place the State on notice of the statutory demand for a speedy trial within two terms under OCGA § 17-7-170." Aranza contends this ruling was erroneous.[1]

1. We agree with Aranza that the caption of the demand did not render it legally insufficient as a demand for speedy trial pursuant to OCGA § 17-7-170. The opinion in *Kramer* does not constitute binding precedent, as only two judges concurred fully, and it has been subsequently criticized and questioned. See *State v. Allen*, 192 Ga. App. 730, 733-734 (386 SE2d 394) (1989); *Verscharen v. State*, 188 Ga. App. 746, 747 (374 SE2d 349) (1988). Although a defendant must put the State on notice that he is demanding a speedy trial under the statute, we noted in *Allen* that " 'there is no magic in nomenclature' and we will construe [a pleading] to serve the pleader's best interests and 'by its function rather than by its name.' [Cits.]" 192 Ga. App. at 734. See also *State v. Givens*, 211 Ga. App. 71, 72 (438 SE2d 387) (1993). The body of Aranza's demand stated clearly that "this is a request for speedy trial under OCGA § 17-7-170," and unequivocally demanded a trial by the next succeeding term of court. We have no difficulty in finding that it provided a "reasonable reference" to the provisions of the statute, and thus was legally sufficient. *Edwards v. State*, 177 Ga. App. 557 (340 SE2d 229) (1986).

2. Nevertheless, we find that the demand was legally insufficient. Here, as in *Ferris*, the demand indicated clearly that it is a demand for a speedy trial. But the copy served upon the State failed to identify the charges upon which Aranza demanded a speedy trial by " 'name, date, term of court, or case number.' [Cits.]" *Cummins v. State*, 202 Ga. App. 155 (413 SE2d 773) (1991). "Such a demand cannot reasonably be construed as sufficient to put the authorities on notice of a defendant's intention to invoke the extreme sanction" of OCGA § 17-7-170. *Ferris*, supra at 731 (1).

A trial court's ruling right for any reason will not be reversed. *Pullen v. State*, 208 Ga. App. 581, 585 (2) (431 SE2d 696) (1993). Since the trial court correctly ruled that the demand was legally insufficient, albeit for the wrong reason, the judgment below is affirmed.

*Judgment affirmed. Pope, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

---

[1] Aranza relies exclusively upon OCGA § 17-7-170, and we therefore need not consider his right to a speedy trial under the State or U. S. Constitution.

DECIDED APRIL 29, 1994 —
RECONSIDERATION DENIED MAY 11, 1994 — 

*William C. Head*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Keith A. Carnesale, W. Cliff Howard, Assistant Solicitors*, for appellee.