## A96A0246. THE STATE v. WRIGHT.
### (472 SE2d 144)

McMURRAY, Presiding Judge.

The State filed this appeal after the trial court granted defendant's motion for discharge and acquittal filed pursuant to OCGA § 17-7-170 (b). Dismissing the State's assertion that defendant's demand for trial is deficient because it is captioned with an inaccurate indictment number, the trial court found that the demand "sufficiently identifies the particular charge to which the demand relates so as to place the state on fair notice." We affirm because the circumstances reveal that, notwithstanding an inaccurate indictment number, defendant's demand fully apprised the State of defendant's desire for speedy trial pursuant to OCGA § 17-7-170 for the crime charged in the case sub judice.

Defendant was indicted for trafficking in cocaine in the Laurens County Superior Court on March 1, 1994. "[A]fter the filing of pretrial discovery motions the case was nolle prossed by order dated June 27, 1994." But not before another indictment had been entered against defendant on June 7, 1994, charging him with the same trafficking in cocaine offense. The second indictment was designated indictment no. 94-FE-247-F and the "nolle prossed" indictment was designated indictment no. 94-FE-127-F.

On August 11, 1994, during the July 1994 term of the Laurens County Superior Court, defendant filed a motion reserving the right to file additional motions, a motion to suppress, a motion to reveal the deal and a document titled, "DEMAND FOR TRIAL." Although these filings are captioned with the "nolle prossed" indictment's case number, "[a]ll [of the] motions, including the Demand For Trial, [dis-

play indictment number 94-FE-247-F's style and] were filed in the active case, to wit: 94-FE-247-F." Further, the demand for trial document provides as follows: "NOW COMES *SHONYA L. WRIGHT,* the Defendant in the above-styled case, at the *July, 1994* term of this Court, after the above-styled indictment was returned at the April term of this Court, 1994, and while there are jurors impaneled and qualified to try this case at this term, the Defendant makes this Demand for Trial and asks that the same be placed on the minutes and that he be tried at this term or at the next term of the Court, or in default of such trial, that he be fully acquitted and discharged of said offense."

When indictment no. 94-FE-247-F was called for trial on August 7, 1995, defendant asserted an oral motion for discharge and acquittal based on the State's failure to bring him to trial within the time specified by OCGA § 17-7-170 (b). Although it is undisputed that more than three full terms of court had passed (where qualified juries were impaneled) since defendant had filed his demand for trial, the State argued that defendant's motion for discharge and acquittal was moot because the demand was captioned with an indictment number that was assigned to a case that had been nolle prosequi on June 27, 1994. The trial court did not agree with the State, deciding that the document titled, "DEMAND FOR TRIAL," not only conveys a demand for trial pursuant to OCGA § 17-7-170, but — even with the "nolle prossed" indictment's case number — "sufficiently identifies the particular charge to which the demand relates so as to place [the] state on fair notice." The trial court bolstered this conclusion (with parallel logic) by observing that the State responded to the "discovery motions" that were filed when defendant filed his demand for trial, even though the "discovery motions" were also filed with the "nolle prossed" indictment's case number. Thus, finding that defendant was not brought to trial within the time specified by OCGA § 17-7-170 (b), the trial court granted defendant's motion for discharge and acquittal. *Held*:

1. The State first challenges the trial court's determination that it responded to the "discovery motions" that were filed when defendant filed his demand for trial, asserting that the State provided defendant with "substantially the same information previously provided in case number 94-FE-127-F [and that this information] was furnished merely as a courtesy to defense counsel and out of a sense of fair play and justice [so] that [defendant] would receive the information necessary to insure a fair trial in case 94-FE-247-F, although clearly the State was under no obligation to do so." This enumeration provides no basis for reversal.

The trial court's finding regarding the State's response to defendant's "discovery motions" has no impact upon the issue of

whether defendant's demand for trial reasonably conveyed a desire for speedy trial pursuant to OCGA § 17-7-170 for the particular crime charged in the case sub judice. See *Ferris v. State*, 172 Ga. App. 729, 730 (1) (324 SE2d 762). The critical evidentiary finding in this regard is undisputed, i.e., the State was fully aware at the time defendant filed his demand for trial with the "nolle prossed" indictment's case number that the trafficking in cocaine offense charged in indictment no. 94-FE-127-F is based on the same incident which is the basis for the offense charged in indictment no. 94-FE-247-F.

2. The State contends defendant's motion for discharge and acquittal is moot because defendant's demand for trial is captioned with an indictment number that was assigned to a case that was disposed of via nolle prosequi on June 27, 1994. This assertion is without merit.

In *State v. Allen*, 192 Ga. App. 730, 732 (2), 733-734 (386 SE2d 394), this Court held "that ' "there is no magic in nomenclature" and we will construe (a pleading) to serve the pleader's best interests and "by its function rather than by its name." (Cits.)' 192 Ga. App. at 734. See also *State v. Givens*, 211 Ga. App. 71, 72 (438 SE2d 387) (1993)." *Aranza v. State*, 213 Ga. App. 192, 193 (1) (444 SE2d 349). Although defendant's demand for trial in the case sub judice does not identify the particular crime for which defendant is charged and displays an inaccurate indictment number, the demand in question references defendant's name and the term of court in which indictment no. 94-FE-247-F was returned. Further, defendant's demand for trial is captioned with a style which identifies defendant as a party to an action pressed against him by the State and the body of the demand clearly conveys a demand for trial pursuant to OCGA § 17-7-170. Finally, and most persuasively, defendant's demand for trial is captioned with an indictment number which references the same prosecution under which defendant is charged in the case sub judice. Under these circumstances, we cannot say the trial court erred in finding that defendant's demand was sufficient to place the State on notice of defendant's intention to invoke the extreme sanction of OCGA § 17-7-170. Accordingly, the trial court did not err in granting defendant's motion for discharge and acquittal.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 30, 1996.

*Ralph M. Walke, District Attorney, Louie C. Fraser, Jeffrey J. Connor, Assistant District Attorneys*, for appellant.
*Mitchell M. Shook, Jason A. Craig*, for appellee.